No. 9657.

COLLINS *v.* THE PEOPLE.

Decided November 8, 1920. Rehearing denied January 10, 1921.

Plaintiff in error was convicted of burglary.

*Affirmed.*

1. CRIMINAL LAW—*Burglary and Larceny.* Where an information charges both burglary and larceny, there may be a conviction of burglary only.

2. *Burglary—Ownership of Property.* In a criminal trial where it is shown by the people's evidence that the property burglarized was the home of the two persons alleged in the information to be the owners, it is immaterial who held the legal title, and it was not error to exclude testimony offered for the purpose of proving title.

3. *Information—Verification.* An affidavit attached to a criminal information, which recites that affiant "has read the foregoing information and knows the contents thereof and that the facts stated therein are true of his own personal knowledge", is sufficient.

4. *Possession of Recently Stolen Goods.* Proof that a burglary was committed, that goods were then and there stolen and

shortly thereafter found in the possession of the accused, will sustain a conviction.

5.        *Evidence—Offense Charged to Another than Defendant.* It is not admissible to show that another person has been informed against for the offense with which the defendant is charged.

*Error to the District Court of Summit County, Hon. Francis E. Bouck, Judge.*

Mr. KARL A. KAISER, Mr. WILLIAM C. ROBINSON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. FORREST C. NORTHCUTT, assistant, for the people.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error was convicted of burglary. He was tried upon an information containing four counts. The first count charged him with the crime of burglary, committed with force; the second charged burglary without force; the third larceny; and, the fourth charged receiving stolen goods. The verdict of the jury found the defendant guilty as charged in the second count.

Where an information charges both burglary and larceny, there may be a conviction of burglary only. 9 C. J. 1092; *State v. Burdett*, 145 Mo. 674, 47 S. W. 796. There is, therefore, no merit in the contention that "because the jury did not find the defendant guilty of larceny, he could not be convicted of burglary."

The premises alleged to have been burglarized are described in the information as an "unoccupied dwelling-house," and the ownership is laid in two persons. The court refused to permit the defendant to introduce evidence as to "who owned the property," and this is assigned as error. It was previously shown by the people that the house was the home of the two persons, who were husband and wife respectively. To preclude variance between pleading and proof, it was not necessary that the proof show the

legal title to be in the person or persons in whom the ownership is laid, in the information. *Sloan v. People*, 65 Colo. 456, 176 Pac. 481. It was immaterial who held the legal title, and there was, therefore, no error in the ruling complained of.

The plaintiff in error, as stated in his brief, "attacks the order of the court denying the defendant's motion to quash the information and (the attack) is based chiefly on the point that the information is not verified and that no affidavit was filed in support of it as required by law." It is not disputed that the offenses are properly described in the information. Attached to the information is an affidavit which, in addition to formal parts, recites that the affiant "has read the foregoing information and knows the contents thereof, that the facts stated therein are true of his own personal knowledge." This was sufficient, under the holding of this court in *Ausmus et al. v. People*, 47 Colo. 167, 107 Pac. 204, 19 Ann. Cas. 491. The contention in the instant case is practically the same as that made in *Moynahan v. People*, 63 Colo. 433, 167 Pac. 1175. In that case the Ausmus case was followed and held decisive, and so it must be in the instant case. See also *People v. Dist. Court*, 60 Colo. 1, 152 Pac. 149.

It is conceded that a burglary of the unoccupied dwellinghouse, above mentioned, had taken place on or some time shortly prior to December 4, 1918. The evidence is amply sufficient to show that goods were then and there stolen. The evidence connecting the defendant with the burglary, consists of his possession of certain of such goods, and he now contends that a conviction cannot be sustained on such evidence alone. The cases bearing on this contention are not harmonious. 9 C. J. 1082, 1083. The weight of authority, however, sustains the proposition that proof that a burglary was committed, and that goods were then and there stolen, and shortly thereafter found in the possession of the accused, will sustain a conviction. See cases collected in note, 12 L. R. A. (N. S.) 211, and in 9 C. J. 1083.

A part of the stolen goods were found in a house not oc-

cupied by the defendant but which had been occupied by him at and after the time of the burglary. The defendant contends that it was error to admit evidence of this fact, because such goods were not found in his possession. There was sufficient other evidence in the case from which the jury could infer that the defendant placed the goods where they were found. The evidence objected to was, therefore, admissible. 9 C. J. 1080; *McDaniel v. State,* (Tex. Cr. App.) 37 S. W. 324.

It is further contended that it was error for the trial court to strike out testimony to the effect that the wife of the defendant had been informed against for the larceny of the goods involved in this prosecution. There is no merit in this contention. It is not admissible to show that another person has been informed against for the offense with which the defendant is charged.

An examination of other points raised discloses no error. The judgment is affirmed.

MR. JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.