Opinion by
Mr. Justice Moore.
Plaintiff in error, to whom we will refer as the defendant, was charged with the offenses of burglary and larceny. He entered a plea of not guilty to each count of the information. Upon trial the jury returned a verdict of guilty on the burglary count. The foreman of the jury informed the court that as to the second count of the information, the one charging the crime of larceny, the jury was unable to agree. The court received the verdict on the burglary charge and two days thereafter the district attorney moved to dismiss the charge of larceny, which motion was granted. The trial court entered judgment on the verdict of guilt on the burglary charge. Defendant seeks review of the judgment by writ of error.
The points relied upon for reversal of the judgment are stated in the brief of counsel for defendant as follows:
“I.
“The Court erred when it did not grant defendant’s motion for a directed verdict at the end of the People’s case concerning the count of larceny due to insufficient evidence in law and in fact.
“II.
“The Court erred when it did not dismiss the burglary count at the end of the People’s case as the facts proven did not constitute burglary as a matter of law.
*39 “HI.
“The Court erred when it denied defendant’s motion for a mis-trial when a police officer gave prejudicial testimony based on suspicion founded on hearsay.
“IV.
“The Court erred when it took a partial verdict from the jury contrary to the instructions given the jury.”
There is no merit to the contention of counsel that there was insufficient evidence on which to submit to the jury the question of larceny. There was competent circumstantial evidence tending to establish the guilt of defendant, and had such a verdict been returned it would have been amply supported by the testimony.
With reference to the second ground urged for reversal, it is claimed that it was improperly alleged in the information that defendant feloniously and without force entered “the room of Leo Beaubien at the Harvard Hotel, viz., Room No. 204, with the intent then and there to commit the crime of larceny * * *. ” The evidence established that the said Leo Beaubien was a transient guest at the hotel for one night only. It is argued that since Beaubien did not own or dwell in the building of the Harvard Hotel the crime of burglary should have been alleged, not against the guest but against the owner of the Harvard Hotel. The argument is without merit. C.R.S. ’53, 40-3-6 (1960 permanent supplement) in pertnent part provides:
“Every person * * * who being lawfully within any building * * * shall with like intent, either with or without force, enter into any room * * * of the same building * * * shall be deemed guilty of burglary, * * *. ”
The “like intent” referred to is the intent to commit any of the various crimes described in a preceding section of the statute. The person to whom said room 204 had been rented was entitled to the exclusive possession thereof. It was a sufficient description of the premises burglarized to identify it as “the room of Leo Beaubien *40 at the Harvard Hotel, viz., Room No. 204.” Sloan v. People, 65 Colo. 456, 176 Pac. 481; Collins v. People, 69 Colo. 343, 193 Pac. 634.
A police officer testified that he obtained a description of the burglar, and in response to a question as to what action he took, the following testimony was given:
“A. I went back to headquarters and studied the report thoroughly, and checked various people who I knew to find out which one answered the description as closely as possible. To me, it seemed like Paul Gallegos would be the likely suspect —
“MR. GERASH: Of course, I would object to that. That is conjecture and suspicion.
“MR. CARLIN: I will rephrase —
“THE COURT: Yes.
“MR. GERASH: In fact, I am going to move for a new trial in that regard. His suspicion and conjecture based on hearsay.
“THE COURT: Denied.
“MR. GERASH: Exception.”
The defendant could not have been prejudiced by the admission of this evidence under all the circumstances of this case. The matter was not mentioned in the motion for a new trial. Immediately following the arrest of defendant the said Leo Beaubien identified him in a police “show up” and at the trial of the case defendant was again positively identified as the burglar.
The argument that the court erred in receiving the guilty verdict on the burglary count when the jury failed to agree on the larceny count, has no merit. The guilt of the defendant on the burglary count was established by an abundance of evidence.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice PIall concur.