## No. 24471.

LAWRENCE A. BAKER *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(489 P.2d 196)

Decided October 4, 1971.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Stephen C. Rench, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

LAWRENCE A. BAKER, plaintiff in error, was convicted of assault with a deadly weapon. From that judgment he brings writ of error here. He will hereinafter be referred to either by name or as defendant.

Defendant testified that while at a party he invited one James E. Caldwell outside in order to ask Caldwell about a time when Caldwell had purportedly whipped defendant's daughter with an ironing cord. According to defendant's version of the facts, after the two of them had left the party Caldwell produced a pistol and threatened the defendant with it. In the struggle that followed, defendant claims that the gun accidentally discharged and Caldwell was wounded. Caldwell testified to the contrary, claiming that after he was outside defendant drew a gun and then shot at him at least three times. The only other witness who was called to testify was defendant's wife.

In the trial to the court, Baker was found guilty of assaulting Caldwell with a deadly weapon in violation of C.R.S. 1963, 40-2-34, and sentenced to the penitentiary. Several months later, a motion for a new trial was filed by defendant on the basis of newly discovered evidence, even though the defendant admitted that the evidence was known to the defendant's counsel before trial. This motion was denied by the trial court.

Defendant offers three specifications of error for our consideration. First, he claims that the state failed to prove that he had the requisite specific intent to assault with a deadly weapon. Second, defendant contends that there was not sufficient proof to enable a court sitting as a fact finder to find beyond a reasonable doubt that defendant committed the statutory offense of assault with a deadly weapon. Finally, defendant contends that the trial court should have granted the motion for a new trial. We have examined all of defendant's allegations, have found no reversible error present, and we therefore affirm.

## I.

The defendant first argues that the state failed to prove that he had the specific intent to do bodily harm to Caldwell and that since this is a material element of the crime of assault with a deadly weapon, the judgment should be reversed. We disagree. In Colorado, as elsewhere, the specific intent to do bodily injury is indeed a necessary and essential element of the proof of the charge made here and it must be established beyond a reasonable doubt. *Armijo v. People,* 157 Colo. 217, 402 P.2d 79; *Shreeves v. People,* 126 Colo. 413, 249 P.2d 1020. This intent, however, need not be proved by direct substantive evidence. Because the state of mind of the assailant in a crime such as this is ordinarily concealed from the fact finder, intent or the lack thereof is usually discerned from the circumstances surrounding the occurrence. Thus, while the mere commission of the act does not necessarily mean that the defendant had the requisite specific intent to harm, *Armijo v. People, supra,* this intent may nonetheless be found from the defendant's actions and the reasonable inferences which may be drawn from the circumstances of the case. *Garcia v. People,* 172 Colo. 329, 473 P.2d 169; *Moyer v. People,* 165 Colo. 583, 440 P.2d 783; *Peterson v. People,* 133 Colo. 516, 297 P.2d 529. The testimony of Caldwell that the defendant shot at him three times, that he was at some distance from the defendant when the first shot was fired, and that defendant was belligerent concerning Caldwell's whipping of the defendant's daughter, supports an inference of specific intent to do harm.

## II.

The defendant's next argument is that the prosecution's evidence, even taken in its best light, does not constitute sufficient proof to sustain a guilty verdict to the charge of assault with a deadly weapon. This second allegation focuses on the standard of review an appellate court should employ when considering findings of fact by a trial court sitting as a trier of fact. The proper

standard, which has been enunciated numerous times by this Court, is that a reviewing court in Colorado will not disturb the findings of fact by a trial court which are supported by the evidence. *Nahler v. People,* 159 Colo. 20, 409 P.2d 508. Especially in cases where, as here, the evidence is conflicting, it is not within our province nor are we equipped to resolve disputed issues of fact. It is the function of the trial court and not the reviewing court to weigh the evidence and make a finding. *People v. Hemenover,* 173 Colo. 501, 480 P.2d 549; *People v. Kelley,* 172 Colo. 39, 470 P.2d 32. The finding here is amply supported by competent evidence which, if believed, could support a conviction and we therefore affirm the judgment of the trial court.

III.

After the trial had ended and the verdict had been entered, the defendant filed a motion for a new trial based on newly discovered evidence. This new evidence was the affidavit of a person who had been at the party and who claimed to have seen a large bulge in Caldwell's hip pocket which appeared to be a pistol.

In Colorado, motions for new trial based on newly discovered evidence are addressed to the sound discretion of the trial judge. *Edwards v. People,* 151 Colo. 262, 377 P.2d 399. Absent a showing that the newly discovered evidence would in all probability change the result, a denial of a motion for a new trial on the basis of newly discovered evidence is not an abuse of discretion. *Hampton v. People,* 171 Colo. 101, 465 P.2d 112. Here the trier of fact was the trial judge. Apparently the evidence did not impress him as being sufficient to change the result. Under such circumstances, we cannot say there was an abuse of discretion.

The judgment is affirmed.