No. 25241.

THE PEOPLE OF THE STATE OF COLORADO *v.* SAMUEL TOWERS,
ALSO KNOWN AS SAM TOWERS.
(490 P.2d 302)

Decided November 8, 1971.

CARL PARLAPIANO, District Attorney, ALLAN R. COOTER, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, R. D. JORGENSEN, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THE appellant, hereinafter referred to as the defendant, was charged with dispensing lysergic acid (LSD) and possession of cannabis sativa L (Marijuana). The narcotics in issue were seized in a dormitory room at Southern Colorado State College which was occupied by Sean Christian Crum. On September 13, 1970, Crum invited the defendant into his room. Later that evening, Crum was taken to Parkview Hospital suffering from hallucinations, anxiety, paranoia, and other symptoms which are attributed to the drug LSD. The defendant went to the hospital with Crum, and both individuals told doctors and hospital attendants that Crum had taken LSD and was on a bad trip. The investigating officer obtained a search warrant on September 14, 1970, and seized drugs in Crum's dormitory room which have provided the basis for the two charges in the information that brought the defendant before the court. The defendant filed a motion to suppress, which the trial court denied, and the defendant appealed to this Court.

This interlocutory appeal raises two issues. The first issue is whether the defendant Towers has standing to object to the search of Crum's room. If the defendant has standing to object, we must determine a second issue

which the defendant has raised regarding the sufficiency of the affidavit that supports the issuance of the search warrant. We are of the opinion that the defendant has no standing to object to the search. Consequently, it is unnecessary for us to determine the second issue.

Towers asserts that he is a person afforded the protection of Crim. P. 41 (e). He premises his standing to object to the search of Crum's dormitory room and the seizure of narcotics in the room on *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The *Jones* case held that when possession of the seized evidence is itself an essential element of the offense charged, the government is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence. *Jones* also stands for the proposition that a defendant has standing to object to a search or to a seizure if he is legitimately on the premises when the search occurs.

■ In our opinion, the *Jones* case does not support the defendant's position under the peculiar facts of this case. Here, the defendant's temporary presence in the dormitory room that was searched occurred on the evening that ended with the hospitalization of Crum. The statements of the defendant and Crum to hospital attendants caused the investigation. Affidavits were thereafter prepared which resulted in the issuance of a search warrant. The search warrant was executed the day following Towers' visit to Crum's dormitory room. At the time of the search, the defendant no longer had a right to occupy or enter the room in question. The defendant neither claimed nor had a possessory interest in the premises, and he had no personal expectation of privacy. Under these circumstances, he cannot successfully urge standing on the basis of his fleeting presence in the dormitory room on the evening before the search. *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Jones v.*

*United States, supra; Abel v. United States,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *see Edwards, Standing to Suppress Unreasonably Seized Evidence,* 47 N.W.U.L. Rev. 471 (1952).

■ The defendant is likewise without standing even if we assume, for the purpose of argument, that standing may be premised on a possessory interest in the items seized. *United States v. Jeffers,* 187 F.2d 498 (D.C. Cir. 1950), *aff'd.,* 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951). At the suppression hearing in this case, the defendant denied that he had a possessory interest in any of the items found in Crum's room. We will not allow him to now claim a possessory interest that is unsupported by the record and in direct contradiction of his own testimony. *See Simmons v. United States, supra.*

■ At the suppression hearing, the defendant had the burden of showing that he was an aggrieved person under the provisions of Crim. P. 41 (e). He did not meet that burden and did not establish that he had standing to object to the search and seizure that was made in Crum's dormitory room. The defendant's motion to suppress was, therefore, properly denied, but the question of whether the items seized are inadmissible in evidence on other grounds must be determined at the time of trial.

We, accordingly, affirm the trial court's denial of the defendant's motion to suppress.