Opinion by
MR. JUSTICE ERICKSON.
The defendant, Ronald Danny Durbin, was convicted and sentenced for child abuse, which is statutorily defined as endangering the life or health of a child. C.R.S. 1963, 40-13-1. Initially, he was also charged with mayhem (C.R.S. 1963, 40-2-24), assault with intent to commit mayhem (C.R.S. 1963, 40-2-34), and assault and battery (C.R.S. 1963, 40-2-35). When the evidence was closed, the court granted the defendant’s motion for a judgment of acquittal as to the mayhem and assault with intent to commit mayhem counts in the information. The jury acquitted the defendant of the crime of assault and battery and found the defendant guilty of endangering the life or health of a child.
The sole issue on appeal is whether the evidence was sufficient to establish that the defendant willfully caused or permitted the life of Carl Spence to be endangered. After reviewing-.the record, it is clear that the trial judge properly denied the defendant’s motion for a judgment of acquittal, and we, therefore, affirm.
The crime of endangering the life or health of a child requires a specific intent. To be guilty of the offense, the defendant must willfully cause or permit the life of the child to be endangered or the health of the child to be injured. C.R.S. 1963, 40-13-1. The prosecution has the burden of establishing the guilt of the defendant beyond a reasonable doubt as to each material element of the offense. See People v. Prante, 177 Colo. 243, 493 P.2d 1083 (1972); Baker v. People, 176 Colo. 99, 489 P.2d 196 (1971).
*232 In this case, the jury was properly instructed as to the law and the requisite intent which was required to convict. The grisly evidence, which the jury heard, need not be detailed to provide a basis for affirming the defendant’s conviction. The obligation of the prosecution was to establish guilt beyond a reasonable doubt — no more — no less. Corbett v. People, 153 Colo. 457, 387 P.2d 409 (1963). The evidence in this case meets the test.
The facts which were presented to the jury established that Carl Spence suffered grievous injuries and was dead at the time he was brought to the Fort Morgan hospital. Expert testimony was presented as to the cause of death, and the defendant was linked to the crime by damning circumstantial evidence which, if believed by the jury, established that the defendant harbored the requisite specific intent. Baker v. People, supra; Garcia v. People, 172 Colo. 329, 473 P.2d 169 (1970); Moyer v. People, 165 Colo. 583, 440 P.2d 783 (1968). We have declared that circumstantial evidence is not relegated to a secondary status and is to be considered under the same criteria as direct evidence. The proper inquiry is:
“[Wjhether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. ’ ’
People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973).
Accordingly, we affirm.
MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.