## No. 26261

### The People of the State of Colorado v.
### Phillip English McClendon
(533 P.2d 923)

Decided March 24, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Pacheco, Auer & Manzanares, P.C., Donald E. Pacheco, Frank X. Dwyer, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Phillip English McClendon was convicted by a jury of second-degree burglary (1971 Perm. Supp., C.R.S. 1963, 40-4-203).[1] On appeal, his primary assertions of error are that the instructions permitted the jury to draw impermissible inferences from the evidence and that the evidence was insufficient to sustain the jury's verdict. We affirm.

No dispute exists as to the facts which led to the defendant's arrest and to his subsequent conviction. On September 1, 1972, a house owned by Haywood Daniel was burglarized while Daniel was on a trip, and a number of household items were taken. Daniel had secured his house before he left town and reported the break-in to the police immediately upon his return. On September 3, 1972, a police offficer on patrol observed the defendant and another individual carrying various items of household goods down an alley. The police officer approached McClendon and his companion in his car to investigate and to inquire about their conduct. When the two men saw the police car, they placed the household items next to a telephone pole and fled in different directions. The police officer followed McClendon, lost sight of him for a period of time, and finally found him hiding on a porch in the vicinity and effected an arrest. The household items were retrieved by the police and later identified by Daniel as the household items which were taken from his house while he was out of town. Daniel's house was not far from the place where McClendon was first seen by the police officer, and the arrest was proximate in time to the burglary.

McClendon was charged with second-degree burglary (1971 Perm. Supp., C.R.S. 1963, 40-4-203),[2] theft (1971 Perm. Supp., C.R.S. 1963, 40-4-401),[3] and conspiracy to commit second-degree burglary and theft (1971 Perm. Supp., C.R.S. 1963, 40-2-201).[4]

---

[1] Now section 18-4-203, C.R.S. 1973.
[2] Now section 18-4-203, C.R.S. 1973.
[3] Now section 18-4-401, C.R.S. 1973.
[4] Now section 18-2-201, C.R.S. 1973.

## I.
### The Instruction to the Jury

Over objection, the court gave the jury the following instruction:

"The exclusive, unexplained possession of stolen property recently after a burglary serves to create an inference or incriminating circumstance that the Defendant stole such property and that such evidence, if established beyond a reasonable doubt, is sufficient in and of itself to justify a verdict of guilty in the absence of an explanation derived from the evidence in the case raising a reasonable doubt as to his guilt."

McClendon contends that the instruction relieved the prosecution of the obligation of proving that a burglary occurred, and he bases his argument upon *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). He maintains that the unexplained possession of recently stolen property may constitutionally permit a presumption as to the fact that the property was stolen or was the subject of theft, but that it may not, without more, permit the inference to be drawn that the defendant committed the crime of burglary. We disagree.

In *Barnes v. United States, supra,* the Supreme Court sustained the constitutionality of a common-law presumption against the challenge that it contravened the defendant's rights under the due process clause. The Court concluded that if the evidence necessary to invoke the inference was "sufficient for a rational juror to find the inferred fact beyond a reasonable doubt," and if the "presumed fact is more likely than not [based on common sense and experience] to flow from the proved fact on which it is made to depend," then the dictates of the due process clause are satisfied. *Accord, Turner v. United States,* 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *United States v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); *United States v. Gainey,* 380 U.S. 63, 85 S.Ct . 754, 13 L.Ed.2d 658 (1965).

The presumption set forth in the contested instruction meets the standards established by the Supreme Court of the United States. There is more than a possibility, and, in fact, a high probability, that the defendant, who was in recent possession of

property stolen from Daniel's residence, and who was arrested near the scene of the burglary shortly after the burglary occurred, entered Daniel's house with the intent to commit a crime. 1971 Perm. Supp., C.R.S. 1963, 40-4-203; section 18-4-203, C.R.S. 1973.

In our view, the court properly instructed the jury and did not infringe upon domain which falls within the protective ambit of the due process clause. The presumption approved by this court cannot be construed to violate the defendant's constitutional right against self-incrimination. Although the presumption requires a defendant to rebut the permissible inference which the rational juror may draw, the defendant is not forced thereby to take the witness stand, but may, without adverse consequences, rely instead on evidence independent of his own testimony. *See* Ashford & Risinger, *Presumptions, Assumptions, and Due Process in Criminal Cases,* 79 Yale L.J. 165 (1969); Comment, *Due Process Requirements for Use of Non-Statutory Inferences in Criminal Cases,* 1973 Wash. U.L.Q. 897; Comment, *Statutory Criminal Presumptions: Reconciling the Practical With the Sacrosanct,* 18 U.C.L.A. L. Rev. 157 (1970); Note, *The Unconstitutionality of Statutory Criminal Presumptions,* 22 Stan. L. Rev. 341 (1970).

The giving of the instruction has been approved by us in cases which are predicated on fact situations parallel to those in this case. *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912 (1963); *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368 (1961); *Davis v. People,* 137 Colo. 113, 321 P.2d 1103 (1958); *Collins v. People,* 69 Colo. 343, 193 P. 634 (1921).

## II.
### The Sufficiency of the Evidence

McClendon contends that the evidence was not sufficient in quantity or quality to convict and that the trial judge erred in not granting his motion for a judgment of acquittal. Crim. P. 29.

Prior to trial, the conspiracy count in the information was dismissed. The theft count was dismissed at the close of the prosecution's case, because the value of the stolen property was not established. The defense rested without offering evidence and elected to stand on the motion for judgment of acquittal as to the burglary count.

 A primary issue is whether there was sufficient evidence to establish a prima facie case of second-degree burglary against McClendon. *See People v. Durbin,* 187 Colo. 230, 529 P.2d 630 (1974); *People v. Atencio,* 187 Colo. 226, 529 P.2d 636 (1974); *People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974); *Digiallonardo v. People,* 175 Colo. 560, 488 P.2d 1109 (1971). Our adversary system does not permit a trial judge to substitute his judgment for that of the jury in his determination of a motion for judgment of acquittal. The proper inquiry by the trial judge must be ''whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.'' *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). A review of the record establishes that the trial judge correctly denied the motion for judgment of acquittal and that the prosecution met its burden of establishing guilt beyond a reasonable doubt as to each element of the offense charged. *People v. Durbin, supra; People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972); *Baker v. People,* 176 Colo. 99, 489 P.2d 196 (1971).

 As defined by Colorado statute, ''[a] person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with the intent to commit therein a crime against a person or property.'' Section 18-4-203, C.R.S. 1973. Burglary may be proven by circumstantial evidence alone and without the assistance or support of direct evidence if the prosecution demonstrates that a burglary was committed, that goods were stolen as part of the burglary, and that the articles which were stolen were found shortly thereafter in the possession of the defendant. *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912 (1963); *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368 (1961); *Davis v. People,* 137 Colo. 113, 321 P.2d 1103 (1958); *Collins v. People,* 69 Colo. 343, 193 P. 634 (1921).

Haywood Daniel testified that prior to leaving his residence for a short trip, he nailed wedges to the floor behind each door and that when he returned home the wedges had been broken and that numerous household items (personal property) were missing. He

later identified the items left by McClendon and his companion at the telephone pole as the items which were taken. Additionally, the police officer arrested McClendon not far from Daniel's house and identified McClendon as one of the two who were transporting the stolen articles down the alley.

 Once the prosecutor has proved a prima facie case against an accused, the accused must shoulder the burden of going forward with the evidence to establish a reasonable doubt as to his guilt and rebut the prosecution's case, if the case is to be taken from the jury by the court. *Ciccarelli v. People, supra; Rueda v. People,* 141 Colo. 504, 348 P.2d 958 (1960). In this case, McClendon failed to rebut the prima facie case against him which the prosecution proved.

Accordingly, McClendon's motion for a judgment of acquittal was properly denied. The issue of guilt was for the jury to determine.

The remaining allegations of error are without merit and require no discussion.

Accordingly, the judgment is affirmed.