570 P.2d 1311 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Gregory David THORPE, a/k/a Gregory David Lee, Defendant-Appellant.
No. 76-901.
Colorado Court of Appeals, Div. III.
October 20, 1977.
*1313 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Sharon S. Metcalf, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Alfred A. Johnson, Fort Collins, for defendant-appellant.
VanCISE, Judge.
Defendant, Gregory David Thorpe, a/k/a Gregory David Lee, was convicted of second degree burglary of and theft from a clothing store in Ft. Collins. On appeal, defendant claims that the trial court erred in continuing the trial in his absence, in admitting certain evidence, in instructing the jury concerning possession of stolen items, and in denying defendant's motion for judgment of acquittal. We affirm.

I.
The defendant contends that he was deprived of state (Colo.Const. Art. II, § 16) and federal (U.S.Const. Amend. VI) constitutional rights by the trial court's decision to proceed with the trial in his absence. We do not agree.
The defendant was present in court, with counsel, on the first day of his trial, July 12. The following morning, the defendant, free on bond, failed to appear. Defense counsel stated that he had no idea of the whereabouts of the defendant, and pointed out that the defendant had been "extremely lax" in maintaining contact with counsel, to the extent that counsel had previously tried to withdraw from the case. The court continued the case until 1:30 that afternoon, and issued a bench warrant for the defendant's arrest.
At about 10:45 a. m. on July 13th, the defendant called the court clerk's office. He stated that he "wasn't feeling too well" so he "didn't come in," that he had just gotten out of bed, and that he "didn't think" he could get to court right away. Upon being informed of the bench warrant and being told that the trial had been continued until 1:30, he said he didn't know whether he would be there.
*1314 Proceedings resumed at 1:40 p. m. The defendant was still not present. The court elected to proceed with the trial. Thereafter, the prosecutor suggested, the defense counsel requested, and the court gave an instruction to the jury stating only that the defendant was not present and that the trial would proceed without his presence. No reason was given for his absence.
The defendant reappeared about noon on July 14th, after the close of the evidence, while the court and counsel were discussing jury instructions. The court then indicated that the case could be reopened if the defendant desired to take the stand, but defense counsel, after conferring with his client, rejected that offer. At that point, a brief hearing was held on the question of the defendant's absence. The defendant admitted that he was aware that he was under a court order to be back at 9:30 a. m. on July 13. His excuse was oversleeping and being unable to obtain a ride from Denver. Although he knew there was a bench warrant out for his arrest, he did not attempt to contact the police. The hearing also brought out the fact that the defendant had missed a previous appearance date in the case, and that his bond had been revoked on that occasion.
The federal rule with regard to the Sixth Amendment right of a defendant to confront witnesses against him, and the rule in most states with equivalent provisions in their constitutions, is as stated in Diaz v. U.S., 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912):
"[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."
See to the same effect, Taylor v. U. S., 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971); People v. Harris, 302 Ill. 590, 135 N.E. 75 (1922); Hanley v. State, 83 Nev. 461, 434 P.2d 440 (1968); Roberts v. Oklahoma, 523 P.2d 1150 (Okl.Cr.1974).
In Diaz, the court determined that any other result would mean either that no trial could be held until the defendant himself should be pleased to permit it, or that the right of an accused person to be free on bail until the verdict is rendered would have to be abandoned. "`[W]e do not think that any rule of law or constitutional principle leads us to any conclusion that would be so disastrous as well to the administration of justice as to the true interests of civil liberty.'"
Later, Fed.R.Crim.P. 43 was adopted, providing that "the defendant shall be considered to have waived his right to be present whenever a defendant, initially present, . . . voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial). . .." This rule is merely a codification of the Diaz rule. Taylor v. U. S., supra.
The defendant contends that Colo.Const. Art. II, § 16, affords greater protection to an accused than does the Sixth Amendment, and precludes any waiver of the right to be present. That provision states:
"In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face . . .."
In support of his contention, defendant relies on Penney v. People, 146 Colo. 95, 360 P.2d 671 (1961), and Smith v. People, 8 Colo. 457, 8 P. 920 (1885), and the absence of a Colorado rule corresponding to Fed.R. Crim.P. 43. However, Penney involved the ex parte appointment of a psychiatrist where there was an insanity plea, and Smith held that defendant's presence at rendition of verdict cannot de waived by counsel. Neither case supports the contention that the right to be present at trial cannot be waived by the defendant.
*1315 On the other hand, Lucero v. People, 173 Colo. 94, 476 P.2d 257 (1970), held that Art. II, § 16, is congruent with the Sixth Amendment, and both are to be interpreted consistently. And in Geer v. Alaniz, 138 Colo. 177, 331 P.2d 260 (1958), the court stated:
"The right to trial by jury, the right to counsel, the right not to incriminate one's self, and related matters are known as alienable constitutional rights or as rights in the nature of personal privilege for the benefit of the person who may seek their protection. Such rights, whenever assertable, may be waived."
Consequently, we hold that the rule and the rationale of Diaz is equally applicable to Colo.Const. Art. II, § 16. Hence, there was no error in proceeding with the trial in the absence of the defendant under the circumstances of this case.
Also, there is no error in the court's instruction to the jury concerning the defendant's absence. The instruction given was that requested by defendant's counsel, and there was no showing that defendant was in any way prejudiced thereby.

II.
Defendant's second claim is that he was prejudiced by the admission of police photographs into evidence for identification purposes. Defendant cites the cases of People v. Bugarin, 181 Colo. 57, 507 P.2d 879 (1973) (Bugarin I), and People v. Bugarin, 181 Colo. 62, 507 P.2d 875 (1973) (Bugarin II), to support his contention that the use of such photographs at trial is prohibited.
Generally, the use of "mug shots" bearing police identification data is deemed prejudicial and is not permitted. For example, in Bugarin II, the photographs were found not to have any probative or identification value, and served only to suggest to the jury that the defendant had a prior criminal record. However, here, because of the defendant's voluntary absence from the proceedings, it was necessary to use the photographs for identification purposes. Defense counsel made no objection until the photographs were introduced into evidence. Any prejudicial effect was cured by taping over the identification data, and by the court's instructing the jury that the photographs had been introduced only to allow witnesses to identify the defendant, that the defendant had no prior record, and that the photographs had been taken only for the purposes of identification. See Bugarin I, supra; Valley v. People, 165 Colo. 555, 441 P.2d 14 (1968).

III.
Defendant next asserts that the court erred in denying his motion to suppress evidence consisting of merchandise stolen during the burglary. This merchandise was found by police as a result of a tip by a citizen informant that several persons were loading a rental truck with a large quantity of clothing bearing intact perforated tags. These tags would have been torn in half had they passed through normal sales procedures.
The police testified that when they arrived on the scene, they saw several persons, including the defendant, loading clothes into a rented truck. When the defendant saw the police approaching, he closed the door of the truck. He and his companions gave evasive responses to questions regarding what they were doing, who owned the clothing, and who had rented the truck. There was testimony that the defendant ultimately opened the truck himself, and told the police to "go ahead and look."
The court based its denial of the motion to suppress on a finding that the police had had probable cause to arrest the defendant, and had already done so at the time the truck was searched. The defendant argues that no probable cause to arrest existed at the time of the search, and that, therefore, the arrest and search were both invalid, and the evidence should have been excluded. We disagree. Whether or not the court was correct in its findings regarding probable cause to arrest, its denial of the motion to suppress was proper.
*1316 To begin with, the defendant had no standing to object to the search of the truck. Fourth Amendment rights are personal and may not be asserted vicariously. See Alderman v. U. S., 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), and cases cited therein. Standing to object to a search of this nature must be based upon a showing of a personal or possessory interest in either the place searched or the property seized. Brown v. U. S., 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed. 208 (1973); People v. Pearson, Colo., 546 P.2d 1259 (1976); People v. Towers, 176 Colo. 295, 490 P.2d 302 (1971). Here, defendant could have established standing by demonstrating a right of possession or control over the truck or its contents. However, at the hearing, he denied under oath having any interest in or control over the truck. He cannot claim on appeal that he had an interest in contradiction with his own testimony. People v. Towers, supra.
Also, regardless of whether the search was incident to a lawful arrest, the search was reasonable, being based on probable cause and exigent circumstances, i.e., the vehicle's mobility. People v. Hutton, Colo., 547 P.2d 237 (1976). Thus, it was not error to admit into evidence the items found in such search.

IV.
The court instructed the jury that:
"[I]f the defendant is found to be in recent, exclusive and unexplained possession of stolen items after an alleged burglary, then this is sufficient to warrant a finding of guilt of the defendant, unless the attending circumstances, or other evidence, is such as to overcome the inference of guilt raised by such possession or the circumstances or evidence is sufficient to create a reasonable doubt of the defendant's guilt."
A similar instruction was given with regard to theft.
The defendant claims that these instructions improperly infringed upon his privilege against self-incrimination by permitting an inference of guilt from the fact of recent, exclusive, unexplained possession of stolen goods.
Since the defendant failed to object, and specifically approved all of the instructions, including these, prior to their submission to the jury, this issue is not properly before the court. People v. Casey, 185 Colo. 58, 521 P.2d 1250 (1974); Crim.P. 30 and 52(b). There was no plain error.
However, even if defendant had objected, his contention is without merit. Similar versions of the challenged instructions have been approved in numerous Colorado cases. See, e. g., People v. McClendon, 188 Colo. 140, 533 P.2d 923 (1975), and Ciccarelli v. People, 147 Colo. 413, 364 P.2d 368 (1961). Contrary to defendant's position, the possession need not be sole to be exclusive, and where, as here, several defendants are apprehended in joint possession of the stolen goods, such an instruction is proper. See People v. Haggart, supra; Martinez v. People, 162 Colo. 195, 425 P.2d 299 (1967); People v. Martinez, Colo.App., 543 P.2d 1290 (1975).

V.
Defendant's final claim of error is the denial of his motion for a judgment of acquittal based on sufficiency of the evidence. However, the evidence, both direct and circumstantial, viewed in the light most favorable to the People, is clearly sufficient to support the conviction. People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973).
Judgment affirmed.
RULAND and KELLY, JJ., concur.