The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Stephen G. SZLOBODA, Defendant–Appellant.

No. 78–1011.

Colorado Court of Appeals, Div. III.

April 3, 1980.

Rehearing Denied June 5, 1980.

Certiorari Denied Sept. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Robert A. Breindel, Deputy State Public Defender, Denver, for defendant–appellant.

BERMAN, Judge.

Defendant, Stephen G. Szloboda, was convicted by a jury of felony theft and acquitted of second degree burglary of a dwelling. His sole contention on appeal is that the trial court's instruction on exclusive, unexplained possession of recently stolen property was violative of his rights to due process of law. We affirm.

The record reflects that nine days after the burglary and theft the police recovered the victim's truck parked near defendant's home. Keys for the truck had been taken from the victim's home and the truck from in front of the house. Defendant had been observed driving the truck by two of his neighbors, and items identified as belonging to him were found in it.

Evidence presented by defendant sought to establish that the truck was in the possession of another man who gave him a ride in it two days after commission of the offenses and from whom he subsequently borrowed it. Defendant testified that he did not learn until later that the truck had been stolen.

The trial court initially rejected instructions on exclusive, unexplained possession of recently stolen property tendered by both the prosecution and by defendant. The prosecution submitted an instruction substantially similar to that approved in *People v. McClendon*, 188 Colo. 140, 533 P.2d 923 (1975), with an addition reflecting that defendant had furnished evidence purporting to explain his possession. Defendant thereafter, at the court's request, "refined" this instruction, and his revised instruction was utilized by the court.

The instruction read:

"You are instructed that recent, unexplained, and exclusive possession of stolen goods from a theft or burglary will support the inference that the person in possession of the goods is guilty of the theft or burglary and that such an inference can be sufficient in and of itself to sustain a conviction for burglary or theft. But you may draw that inference, and convict the defendant of burglary or theft based upon that inference, only if you decide that recent, unexplained, and exclusive possession of the goods by the defendant has been established by the evidence beyond a reasonable doubt.

'Unexplained' for the purpose of this instruction means that there is no explanation derived from the evidence in the case or furnished by the defendant which raises a reasonable doubt as to his guilt."

In support of this instruction, defense counsel argued, *inter alia*, that it clearly required the prosecution to prove beyond a reasonable doubt defendant's recent, unexplained, exclusive possession of the recently stolen truck before it received the benefit of any inference and also that it clearly set forth that defendant did not have the burden of proof. He argued to the jury that defendant's testimony, corroborated by that of other witnesses, offered an explanation sufficient to raise a reasonable doubt as to his guilt.

Relying on *Wells v. People*, Colo. 592 P.2d 1321 (1979), which was announced after the instant case was tried, defendant now alleges that the instruction permits an impermissible inference that the *corpus delicti* was proven and fails to instruct on the prosecution's burden of proof and the defendant's right to remain silent.

A defendant may not assert prejudicial error based on an instruction which he drafted. *People v. Moreland*, 193 Colo. 237, 567 P.2d 355 (1977). *See also People v. Thorpe*, 40 Colo.App. 159, 570 P.2d 1311 (1977). This is especially true here where the defendant now contends that the instruction is defective on precisely the grounds which, at trial, he maintained had been rectified by his revisions.

Moreover, while it is true that in *Wells v. People, supra,* the Supreme Court recommended a model instruction for prospective application, it also expressly approved the inference of guilt which may be drawn, and it refused to disturb the holding of *People v. McClendon, supra,* that a defendant's rights to due process of law are not violated by a recent possession instruction. *See People v. Maes,* Colo.App., 607 P.2d 1028 (1979). We decline to consider defendant's challenge to the rule in *Wells v. People, supra,* that the instruction therein is to be applied prospectively only. Under the circumstances of this case, we perceive no error in the instruction that was given. *See People v. Maes, supra.*

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.