The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Frank Louis MONTOYA,**
**Defendant-Appellant.**

No. 78–1086.

Colorado Court of Appeals,
Div. III.

July 9, 1981.

Rehearing Denied Aug. 20, 1981.

Certiorari Denied Feb. 1, 1982.

J. D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Donna A. Salmon, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Terri L. Brake, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Frank Louis Montoya appeals his convictions for aggravated robbery, conspiracy to commit aggravated robbery, and burglary, and the subsequent enhanced punishment pursuant to the habitual criminal sentencing act. He asserts that the trial court erred in denying his motion to suppress evidence and in instructing the jury as to exclusive unexplained possession of recently stolen goods. Concerning the enhanced sentencing portion of the trial, he contends that the court erred in denying his motion for free transcripts of the proceedings of the prior felony convictions, in admitting evidence of prior charges which did not result in convictions, in failing to instruct the jury on his right not to testify at this

portion of the trial, and in sentencing him to life imprisonment. We affirm the convictions. However, finding error in the sentencing of the defendant, we remand for correction of the sentence.

## I.

The charges against the defendant were based on an armed robbery. A police officer stopped the defendant within a half hour of the robbery approximately two miles away. He stopped the defendant's car because the defendant and his companions fit the description of the suspects and because he saw the defendant commit a traffic offense. The items stolen were found on the defendant and in his car.

■ Arguing that the initial stop of his vehicle was unreasonable, the defendant contends that the court erred in not suppressing the evidence found pursuant to this stop. We agree with the trial court that there were sufficient facts to create a reasonable suspicion at the time of the stop that the defendant may have committed a crime. *See Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971); *People v. Williams*, 40 Colo.App. 30, 569 P.2d 339 (1977). Thus, the evidence was properly admitted.

## II.

Citing *Wells v. People*, 197 Colo. 350, 592 P.2d 1321 (1979), the defendant next argues that the jury instruction given pertaining to the exclusive unexplained possession of recently stolen property is unconstitutional because it denies the defendant due process of law.

The constitutionality of an instruction similar to the one given here was upheld in *People v. McClendon*, 188 Colo. 140, 533 P.2d 923 (1975). However, in *Wells, supra,* the court, expressing concern over a similar instruction, prohibited its use "in any jury trials held hereafter." The court declined to disturb the existing cases, including *McClendon. See People v. Szloboda*, Colo. App., 620 P.2d 36 (1980); *People v. Maes*, Colo.App., 607 P.2d 1028 (1980).

■ Where recent possession instructions have been given in cases tried prior to the *Wells* decision, a case-by-case approach is required to determine if the defendant was denied due process of law. *People v. Maes, supra.* Here, where there was proof beyond a reasonable doubt that there was a burglary and a robbery, where the time lapse between the crime and the discovery of the defendant's possession was less than one hour, and where there was incriminating evidence other than the possession of the stolen items, it was not error to give the instruction. *See Wells v. People, supra; People v. Maes, supra.* The defendant's argument that the instruction was ambiguous is without merit.

## III.

Pursuant to the habitual criminal sentencing statute, § 16–13–101, C.R.S.1973 (1978 Repl. Vol. 8), the information against the defendant included allegations that the defendant had incurred three previous felony convictions. The defendant moved for free transcripts of the proceedings of these prior convictions, alleging that:

"[I]t is essential for the proper defense of this matter that the defendant and his attorney be provided with copies of the transcripts of the [prior] proceedings so as to properly defend against the [habitual criminal counts]."

The trial court denied the motion on the ground that the defendant did not make any claim or showing of constitutional improprieties in the prior criminal proceedings which would prevent the use of the convictions against the defendant. We agree with the trial court.

■ In an enhanced sentencing proceeding, the defendant may collaterally attack the constitutional validity of the underlying convictions. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Swift v. People*, 174 Colo. 259, 488 P.2d 80 (1971); *People v. Gonzales*, 38 Colo. App. 522, 565 P.2d 945 (1977). But defendant must make a prima facie showing that a prior conviction is invalid in order to challenge the use of that conviction in a

later proceeding. *People v. Roybal*, Colo., 618 P.2d 1121 (1980); *People v. Woll*, 178 Colo. 443, 498 P.2d 935 (1972).

■ Although an indigent defendant is entitled to a free transcript of prior proceedings when it is necessary for an effective defense, *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the defendant must make a showing that the furnishing of the transcripts "would not be just a vain and useless gesture." *Carr v. District Court*, 157 Colo. 226, 402 P.2d 182 (1965); *see also Snavely v. Shannon*, 182 Colo. 223, 511 P.2d 905 (1973); *Valdez v. District Court*, 171 Colo. 436, 467 P.2d 825 (1970).

■ Here, the defendant has failed to show how the transcripts would aid in his defense. All of his prior convictions were based on guilty pleas. The jail mittimi, the accuracy of which are not challenged, show that the defendant was represented by counsel and that he exercised his right of allocution. *Cf. Coleman v. People*, 174 Colo. 94, 482 P.2d 378 (1971). The defendant did not allege that his pleas were involuntary. *See People v. Gonzales, supra.* The defendant's motion does not allege any specific facts which would appear in the transcripts to substantiate his allegation that they are needed in order to defend against the habitual criminal counts, *Snavely v. Shannon, supra*, nor does he allude to any deficiencies in the proceedings of a constitutional character. Hence, the denial of free transcripts did not constitute a denial of due process.

## IV.

Included in the evidence introduced by the prosecutor to prove that the defendant had been convicted of prior felonies were felony informations which contained charges against the defendant which were dismissed and a rap sheet showing several offenses entered as investigations. Some of these offenses are shown to have been dropped and some have no indication of their disposition. One of the exhibits showed that the defendant had violated his parole and that the parole board had denied further parole. The defendant argues that the trial court erred by failing to excise these portions of the exhibits prior to admitting them because such information would prejudice the jurors against the defendant.

■ Although it is necessary under the habitual criminal statutes to prove prior convictions, earlier charges which do not result in convictions are irrelevant and should not be admitted. *People v. Reed*, 42 Colo.App. 275, 598 P.2d 148 (1979). Here, however, where there is ample evidence to establish the defendant's prior convictions and the jury was instructed as to the presumption of innocence and that the information is not evidence of guilt, the defendant did not suffer any prejudice. Thus, we conclude there was no reversible error. *See People v. Reed, supra.*

*People v. Lucero*, Colo., 615 P.2d 660 (1980), cited by the defendant, does not mandate a contrary result. In *Lucero*, the defendant's prior criminality was interjected into the case throughout the trial. At the commencement of the jury selection, the trial court read to the panel the counts alleging prior felony convictions and also told the jury that these additional counts were in violation of the statute pertaining to punishment for habitual criminals. Also, during the trial on the substantive offense, the People's only witness testified that the defendant was housed in a portion of the prison for incorrigibles. The Supreme Court stated:

> "At the very inception of this case, the disclosure to the jury panel of the defendant's two prior felony convictions so burdened the trial with the baggage of his prior criminality that a fair trial as we know it became an impossibility. This weighty encumbrance was made even heavier during the trial by the improper reference to his incorrigibility, and by the equally improper admission of evidence relating to kidnapping offenses (for which he apparently was never convicted) and to his alleged rioting and criminal mischief while in an institution (for which he apparently was never charged).

. . . .

Under the circumstances present here, the cumulative effect of these errors and defects substantially affected the fairness of the trial proceedings and the integrity of the fact-finding process." *People v. Lucero*, Colo., 615 P.2d at 666.

Here, the evidence of the prior charges was admitted solely during the sentencing portion of the trial, and thus, the cumulative effect found in *Lucero* is not present here.

### V.

We disagree with the defendant's contention that the trial court erred in not instructing the jury at the sentencing portion of the trial of his right to remain silent. Although a request was made for the instruction, and the trial court agreed to give it, it was not given. A right to remain silent instruction was given during the first portion of the trial, and, after reading the habitual criminal charges to the jury, the court told the jury that: "[A]ll other instructions previously given to you by this court remain in effect and are applicable in this matter."

Instructions are to be read as a whole, and if taken as a whole, they adequately inform the jury of the law, there is no reversible error. *People v. Travis*, 192 Colo. 169, 558 P.2d 579 (1976).

### VI.

The defendant's final argument is that his life sentence must be vacated because the trial court imposed a separate and additional sentence for the habitual criminal counts. The court imposed sentences of ten-to-fifteen years for the crimes of aggravated robbery and first degree burglary, an indeterminate sentence not to exceed ten years for the crime of conspiracy to commit aggravated robbery, and then imposed a life sentence on the habitual criminal counts, all to run concurrently.

The habitual criminal statute does not define a substantive offense. *Maestas v. District Court*, 189 Colo. 443, 541

P.2d 889 (1975). It relates to sentencing enhancement for the underlying felony. *People v. Thomas*, 189 Colo. 490, 542 P.2d 387 (1975). Once the defendant was adjudged an habitual criminal, the court was required to impose a life sentence. *See People v. Anderson*, Colo.App., 605 P.2d 60 (1979); § 16–13–101, C.R.S.1973 (1978 Repl. Vol. 8). The illegal portion of defendant's sentence is not the life sentence, but rather the other portions of the sentence.

Accordingly, the judgment and the life sentence are affirmed and the cause is remanded to the trial court with directions to vacate the ten-to-fifteen year sentence for the crimes of aggravated robbery and first degree burglary and the indeterminate sentence not to exceed ten years for the crime of conspiracy to commit aggravated robbery.

STERNBERG and KIRSHBAUM, JJ., concur.