The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David Charles TREFETHEN, Defendant–Appellant.

No. 85CA1743.

Colorado Court of Appeals, Div. I.

Nov. 12, 1987.

Rehearing Denied Dec. 3, 1987.

Certiorari Denied March 7, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, David Charles Trefethen, appeals a judgment of conviction entered upon jury verdicts finding him guilty of aggravated robbery, two counts of felony menacing, and one count violent crime. We affirm.

In March 1985, a supermarket was robbed by a man with a shotgun. Four witnesses saw the robber place the stolen money in a brown paper sack. In addition to describing the man, the witnesses noticed that he was wearing cowboy boots and a tan jacket.

From the witnesses' descriptions, a photo array was formed, and each witness identified the defendant as the perpetrator. These identifications led to defendant's arrest. A subsequent search of his living quarters discovered a brown paper sack, money, cowboy boots, and a tan jacket. However, no shotgun was found.

A preliminary hearing was held and defendant's trial was scheduled for September 1985 with defendant present. On September 23, a jury was selected, and opening statements were made. At that time, trial was continued without objection until the following day.

The following morning, defendant telephoned and informed the court that he was experiencing automotive problems, and that he would arrive shortly. The court then heard several unrelated motions, and after nearly two hours had passed, it issued a bench warrant for defendant who had failed to appear.

At that time, over defense counsel's objection and request for a continuance, the court ordered the trial to proceed without defendant's presence. The trial was held and the verdicts of guilty and judgment thereon were entered in defendant's absence.

Repeated efforts to locate defendant were finally successful in October 1985 when he was taken into custody.

I.

Defendant first contends the trial court erred in proceeding with the trial without him. We disagree.

Crim.P. 43(b) provides that:

"The trial court in its discretion may complete the trial, and the defendant shall be considered to have waived his right to be present, whenever a defendant, initially present:

"(1) Voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to remain during the trial...."

Here, we find no abuse of discretion in proceeding with the trial despite defend-

ant's absence. The record shows that although defendant telephoned the court to explain his absence, nearly two hours had passed before the trial court decided to proceed with the trial. The record further shows that defendant's last known address was within walking distance of the courtroom, and that defendant did not suffer from any physical impairments. Furthermore, defendant made no efforts to obtain an alternate means of transportation, and he has failed to supplement this record with any additional evidence explaining his absence. Accordingly, we find no abuse in the trial court's decision to proceed. *People v. Thorpe*, 40 Colo.App. 159, 570 P.2d 1311 (1977).

## II.

Defendant next contends the trial court erred by allowing the court clerk to testify on behalf of the prosecution in order to establish the identity of the defendant. We do not agree.

■ Because of defendant's voluntary absence from the trial, a problem arose as to whether defendant was the individual identified by the witnesses. Contrary to defendant's assertion, the court clerk did not identify defendant as the robber, but rather was permitted to testify only that two of the witnesses had identified the defendant at an earlier pretrial hearing. The clerk further testified that the person whom the two witnesses had earlier identified was in fact the defendant. The clerk in no way identified defendant as the perpetrator of the crime; instead, her testimony identified the missing individual as the defendant.

■ When a defendant voluntarily absents himself from the trial, other means of identification may be employed in order to proceed with trial. *See People v. Thorpe, supra*. We perceive no error in the method employed here.

## III.

■ Defendant also argues that the trial court abused its discretion in admitting certain testimony over defendant's relevancy objection. More specifically, defendant objected to a prosecution witness' testimony that he had observed a shotgun in the defendant's trunk sometime in July 1984. We find no error.

■ Evidence is relevant when it tends to make the existence of a consequential fact more probable than without the evidence. CRE 401. Whether evidence is too remote to be relevant is within the trial court's discretion. *Wilkinson v. People*, 170 Colo. 336, 460 P.2d 774 (1969). Generally, remoteness in time affects only the weight to be given to evidence, not its admissibility. *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978).

Here, there is little question that the evidence was relevant to a fact of consequence. The witnesses testified that the robber carried a sawed-off shotgun during the commission of the robbery. The subsequent witness testified that he saw a sawed-off shotgun in the defendant's trunk sometime in July 1984. The descriptions given by all witnesses were similar, though not exact; and therefore, the subsequent witness' testimony was relevant to show that defendant possibly possessed the shotgun used by the robber. Although the witness saw the shotgun well in advance of the robbery, the time span was not so great as to affect the admissibility of the testimony; but rather, the remoteness went to the weight of the evidence. *See People v. Gladney, supra*. Therefore, there was no error in admitting the testimony.

The other issue raised by defendant is also without merit.

Judgment affirmed.

VAN CISE and BABCOCK, JJ., concur.