No. 21727.

Scotty Gene Carr *v.* The District Court in and for The City and County of Denver, et al.

(402 P.2d 182)

Decided May 17, 1965.     Rehearing denied June 7, 1965.

Petitioner, pro se.

Walter F. Scherer, for respondents.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Carr filed an original proceeding in this Court whereby he sought and obtained the issuance of a rule to show cause directed to the District Court in and for the City

and County of Denver and to the Honorable Edward J. Keating, one of the judges thereof, commanding them to answer and show cause why he, the petitioner, should not be granted a free transcript of the trial proceedings in a criminal case lately pending in the said District Court wherein the petitioner was the defendant.

Thereafter the respondents filed their answer to the rule to show cause and the matter now awaits our determination as to whether the rule heretofore issued by us should be discharged or made absolute.

From the respondents' answer we learn that on September 7, 1963, Carr was convicted by a jury of murder in the first degree with his punishment being fixed at life imprisonment in the State Penitentiary. In due time, Carr's motion for new trial was filed, argued and denied. Thereupon, on September 20, 1963, Carr was formally sentenced to serve a term in the State Penitentiary for the remainder of his natural life. Carr has not thereafter ever sought review by writ of error of his conviction and sentence, as such is provided by Rules 37 and 39, Colo. R. Crim. P.

On or about September 16, 1964, however, Carr did file in the respondent court an application for a free transcript, which application was denied on September 28, 1964, for the announced reason "that more than six months had expired since the final judgment and no writ of error could [now] be issued" and that under such circumstances the "issuance" of a free transcript would not be justified as it would be a "vain and useless thing."

On March 9, 1965, Carr filed with the trial court a "Petition for a Rehearing on Motion for Free Transcript," which petition was promptly denied.

In the petition filed in this Court, Carr seeks an order commanding the respondents to furnish him with a transcript of all proceedings in his case at the expense of the State. He pleads indigency and in a somewhat conclusory manner contends that "the proceedings were conducted in an unconstitutional manner." We are given no fur-

ther information as to the alleged "unconstitutionality" of his trial.

Because of his own inaction, Carr has now clearly lost the right to have his conviction reviewed by this Court on writ of error. See Rule 39(d), Colo. R. Crim. P. Furthermore, there is nothing in Carr's petition to intimate that he is about to seek post-conviction relief of any sort, or that such relief is even available to him. Specifically, he makes no claim here that there has been any alleged violation of his constitutional rights of such a sort as would permit relief under Rule 35(b), Colo. R. Crim. P. See *Hammons v. People,* 156 Colo. 484, 400 P.2d 199; *Swanson v. People,* 154 Colo. 340, 390 P.2d 470. Nor is there any suggestion that the trial court lacked jurisdiction or imposed a sentence in excess of the maximum authorized by law.

In short, from the record before us it would appear that about all Carr has established, *prima facie,* is that he is indigent and that he would like a free transcript. This is not sufficent to require the trial court to furnish him a free transcript. Some showing must be made to indicate that the furnishing of such would not be just a vain and useless gesture. See *In re Patterson,* 136 Colo. 401, 317 P.2d 1041.

The rule to show cause is therefore discharged.