No. 21933.

LAWRENCE EVERETT PEIRCE *v.* THE PEOPLE OF THE STATE OF COLORADO.
(404 P.2d 843)

Decided August 23, 1965.

Petitioner, pro se.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

LAWRENCE EVERETT PEIRCE, Pro Se, re-petitioned this court under date of March 3, 1965, for a "Petition For A Writ Of Mandamus" in Forma Pauperis.

Earlier, to wit, on November 21, 1962, Peirce had also petitioned our court in Forma Pauperis for what he then improperly denominated as a "PETITION FOR WRIT OF MANDAMUS OR ALTERNATE WRIT OF MANDATE" in which he sought an order for a free transcript of a trial in which he was convicted in Montezuma County of murder and sentenced to life imprisonment. He therein stated "That Counsel for the petitioner did not file a Motion for a New Trial, nor did counsel explain to the petitioner that this was a necessity for the perfecting of an appeal." Relief was denied by our court. A "TRANSCRIPT OF SENTENCING" dated March 9, 1962, in the record before us shows conclusively that Peirce was not only represented by counsel at his trial and sentencing, but that after some colloquy between court, counsel and Peirce about the sentencing, the court expressly asked defendant "Do you still wish to waive motion for a new trial"? And Peirce answered "Yes sir."

The gist of petitioner's present complaint is that he alleges he sought in the trial court, and was denied,

the free transcript in September and December 1962, in June and October 1963, and in February 1964. He now "charges that the proceedings (*i.e.* his trial) were conducted in an unconstitutional manner, the absence of a record effectively forecloses defendant's [sic] from proving that his rights are therefore narrower than the defendant who has a transcript," and that it is unconstitutional "to deny indigent defendants, who cannot afford the cost of a transcript, the right to effectively pursue appeals while this right is available to others." He further asserts that this Petition is timely and proper and that he has exhausted all his legal remedies. He cites Colo. R. Crim. P. Rule 45 and apparently relies upon excusable neglect as his ground for relief. We note that Peirce not only has not petitioned for review under Colo. R. Crim. P. Rule 35(b), but also that he has alleged no error in the trial of his case. To merely charge that a proceeding was "unconstitutional" and nothing more is wholly insufficient as a basis for relief or review in this court. The trial court so held and so do we. *Carr v. District Court,* 157 Colo. 226, 402 P.2d 182 (1965).

To summarize then:

(1) It is obvious that not only has petitioner's time to sue out a writ of error long since passed, but that he effectively and knowingly waived his right to file a motion for a new trial. He cannot now, in the absence of any showing of true prejudice, which could bring him under 35(b), be heard to complain that his waiver had a legal effect he did not then contemplate. His counsel knew the effect of the waiver, and that binds petitioner, too. Many times during a trial a lawyer may waive, ignore or assert a right, knowingly or unknowingly, but the rule of law is that such binds his client. In the instant case we cannot second-guess Peirce's attorney as to his reasons but must assume that the waiver was made because there was no error that would justify such a motion. We do not believe that petitioner

has, in the instant proceeding, brought himself within the orbit of *Fay v. Noia*, 372 U.S. 391, 399 (1963) in regard to not understanding the legal effects of his waiver.

(2) As to a present right to have a free transcript ordered, suffice it again to say that Peirce's present proceeding did not attempt to come within the requirements of 35(b) either in the trial court or here, and no showing has been made as to why a very expensive transcript will be of any use to him. The infliction of the needless expense to prepare same upon a small county government under these circumstances would in turn be an injustice.

Denied.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE MOORE, and MR. JUSTICE MCWILLIAMS concur.