No. 24079.

James B. Sherbondy *v.* The District Court in and for the County of Eagle and the State of Colorado.

(459 P.2d 133)

Decided September 29, 1969.

James B. Sherbondy, pro se.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for respondent.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

THIS is an original proceeding for a writ in the nature of mandámus to require the district court of Eagle County to furnish petitioner Sherbondy a transcript of his arraignment proceedings and trial. We issued an order to show cause why the transcript should not be furnished. The Attorney General has responded for the district court, and the matter is now at issue.

Sherbondy has been attempting to represent himself both in the trial court and in this court. He has not asked the trial court to appoint counsel. Added to this is the fact that Sherbondy was convicted 32 years ago. Reviewing the situation *in toto,* we find that we are thus confronted with a rather beclouded and fuzzy picture as to the precise nature of the relief sought by the petitioner.

From the allegation of the pro se petition, supplemented by the response of the People, we are informed that Sherbondy entered a plea of guilty to the charge of murder, and a jury was impaneled to determine whether it be in the first or second degree. Sherbondy was 17 years old at the time and was represented by retained counsel. A jury on December 20, 1937, returned a verdict of first degree murder. Because of his age, Sherbondy could not be given any penalty other than life imprisonment, and he was so sentenced by the court.

Sherbondy first petitioned the trial court on November 15, 1957, for a free transcript of the proceedings surrounding his arraignment and trial. This was denied. He waited approximately ten years, and on May 8, 1967, filed a "Motion for Stenographic Transcript of Proceedings and Common Law Records." This was denied. On April 23, 1968, a motion under Colo. R. Crim. P. 35(b) was filed with the trial court, and summarily denied. No appeal to the denial of that motion has been taken by Sherbondy.

We are not unmindful of our pronouncements in *Peirce v. People,* 158 Colo. 81, 404 P.2d 843, and *Carr v. District Court,* 157 Colo. 226, 402 P.2d 182. Sherbondy has not made the showing which we said in those cases should

be made which would entitle him to a free transcript. However, Sherbondy's case, we believe, is unique, and in the particular situation involved here a rigid adherence to *Peirce* and *Carr* would unduly handicap Sherbondy and be particularly harsh on him. As has been noted, at the time of his conviction he was a youth 17 years old. He could not be expected to remember in the ensuing 32 years all that transpired upon the taking of his plea and what omissions, if any, may have occurred. If the antecedent warnings which we now hold are constitutionally required were not given, it would probably not be within his memory. What errors, if any, were committed on the rulings on evidence taken during his trial to determine the degree of murder; what errors may have been made in the giving of instructions; what timely and proper objections may have been made and not properly ruled upon would not at this stage be known either to Sherbondy or to any counsel appointed for him to advise him whether he has grounds for any relief.

Additionally, it would be difficult to determine without a transcript how effectively he was represented by counsel; whether his guilty plea was knowingly and voluntarily entered; and whether his waiver of a jury trial on the issue of his guilt was with full knowledge of his rights. What antecedent warnings were given by the court in 1937 can only be determined by a transcript of the arraignment proceedings.

He thus, it seems to us, is in a vicious circle — unable to put into a petition the matters and things which we stated in *Peirce* and *Carr* are required, and being denied a transcript because he has not asserted any of those grounds. The *Peirce* and *Carr* cases did not involve a gap of 32 years to handicap them.

■ Therefore, based on the particular situation involved in this application, it is the order of this court that the district court of Eagle County grant Sherbondy's petition for a free transcript of the proceedings at the time of the court acceptance of his plea of guilty as

well as of the trial in which the determination of the degree of the offense was made. After the preparation thereof the court is ordered to appoint counsel for Sherbondy to assist him in a review of the proceedings for a determination as to whether grounds for possible application for relief exist.

The rule is made absolute.