## No. 24519.

Jose Arturo Valdez *v*. The District Court for the County of Pueblo, and Honorable Matt J. Kikel, Judge Thereof.

(467 P.2d 825)

Decided April 13, 1970.

Jose Arturo Valdez, pro se.

Carl Parlapiano, District Attorney, J. E. Losavio, Jr., for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an original proceeding in which petitioner, Jose Arturo Valdez, appears pro se seeking a writ of mandamus to compel the district court of Pueblo County to grant him a free transcript of all the proceedings had in connection with his conviction in criminal action number 58738. A rule to show cause was directed to the district court for the County of Pueblo and to the Honorable Matt J. Kikel, one of the judges thereof, to which answer has been made and issue joined. The matter now awaits our determination as to whether the rule heretofore issued by us should be discharged or made absolute.

Judgment was entered in the action on February 10, 1969. On November 14, 1969, after the time for suing out writ of error in this court had expired, petitioner filed his motion for a free transcript.

He alleged as grounds for his motion: I. Ineffective assistance of counsel; II. denial of a fair trial by an impartial jury in violation of the United States Constitution and the constitution of the State of Colorado.

The court denied the motion for a free transcript and found as follows:

"* * * The Court finds that defendant has failed to allege sufficient facts which would warrant the granting of a free transcript or which would warrant the granting of relief under Rule 35 (b) of the Colorado Rules of Criminal Procedure."

To warrant the furnishing of a free transcript, the petitioner must make a showing that "the furnishing of such would not be a vain and useless gesture." *Carr v. District Court,* 157 Colo. 226, 402 P.2d 182. When the time for appeal has expired, there must be a showing by the petitioner that he would be entitled to relief under Crim. P. 35 (b). *See Peirce v. People,* 158 Colo. 81, 404 P.2d 843. Although the rules in *Carr* and *Peirce* were relaxed in

the case of *Sherbondy v. District Court,* 170 Colo. 114, 459 P.2d 133, because of extraordinary circumstances, there is no allegation in the instant petition that would make applicable the *Sherbondy* exception to the requirements of *Carr* and *Peirce.*

I.

■ Concerning the allegation of ineffective assistance of counsel, the appropriate rule is set forth in *Hampton v. People,* 171 Colo. 101, 465 P.2d 112, wherein this court said: "The defendant failed to demonstrate to the trial court that his trial counsel was guilty of palpable malfeasance, misfeasance or nonfeasance." Trial counsel, it should be noted, was not appointed but was counsel of defendant's own choosing. Petitioner's counsel in the trial was an attorney with long experience in criminal cases, both as prosecutor and as defense counsel. *See Torres v. People,* 159 Colo. 254, 411 P.2d 10. Petitioner alleges three reasons for deeming his counsel ineffective: (1) failure to investigate all available defenses; (2) failure to raise objections; and (3) failure to preserve the record for appeal purposes.

■ Petitioner's first allegation fails to apprise the court of what defenses were not investigated. The Supreme Court cannot second-guess petitioner's counsel insofar as valid defenses are concerned, particularly when the court is not informed as to the specific defense. *See Peirce v. People, supra.* Furthermore, the record would not disclose anything concerning counsel's investigation so the granting of a transcript would afford petitioner no aid in this regard.

■ When and whether counsel has properly raised objections during the trial is a matter of trial strategy and technique. In *Dolan v. People,* 168 Colo. 19, 449 P.2d 828, this court stated:

"The constitutional right to the assistance of counsel is not a guarantee against mistakes of strategy or exercise of judgment in the course of a trial as viewed through the 20-20 vision of hindsight following the return of a

440

verdict in a criminal case. *Torres v. People,* 159 Colo. 254, 411 P.2d 10; *Valarde v. People,* 156 Colo. 375, 399 P.2d 245. * * *"

■ Furthermore, the acts and omissions of attorney during the course of a trial are binding upon his client, particularly where, as here, the client cannot specify a constitutional right of which he was deprived by the inaction of his attorney. *See Peirce v. People, supra.*

■ Petitioner fails to advise the court as to how his retained counsel failed to preserve the record for appeal. Since a motion for new trial was filed on behalf of the petitioner and was also argued and denied, it appears that the petitioner again has reference to the making of objections. If petitioner has reference to a failure to prosecute an appeal, this would not appear in the transcript.

It is apparent that petitioner's allegations concerning his trial counsel are lacking in merit. Moreover, as stated in *Thompson v. The People,* 139 Colo. 15, 336 P.2d 93: "* * * the client will not be heard to complain if he stands by, permits the case to be tried, and objects for the first time after receiving an adverse decision. * * *"

II.

■ The petitioner alleges that counsel became ill during the course of the trial resulting in a recess of over a week, thus creating a situation where the jury was prejudiced by the recess. However, the petitioner failed to advise this court in what manner he was prejudiced by reason of the recess. In the absence of specific allegations as to how the transcript would reflect prejudice because of the recess, the trial court could not speculate as to how a transcript would support the allegation. Nothing in the allegation indicates that the trial court abused its discretion by recessing the trial to give defense counsel time to recover from an illness.

■ The petitioner next alleges that the trial court erroneously "permitted testimony regarding a People's exhibit, *i.e.,* clothes alleged to have been worn by the complaining witness" to be admitted into evidence on

behalf of the prosecution. The petitioner does not contend that the evidence was irrelevant or immaterial or that the clothes were not what they were purported to be. The law in Colorado is clear that to establish the relevancy and materiality of evidence the prosecution need only connect it with the victim, the perpetrator, or the crime. *Lofton v. People,* 168 Colo. 131, 450 P.2d 638; *Mathis v. People,* 167 Colo. 504, 448 P.2d 633. To be admitted it must be shown to be what it purports to be. 2 *Wharton, Criminal Evidence,* § 675. In the absence of extraordinary circumstances, such as the use of false evidence, the admission of real evidence does not raise a constitutional question. *See, e.g., Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690.

The rule is discharged.