No. 25522

Arthur Jose Romero v. The District Court of Pueblo County, Tenth Judicial District, Matt J. Kikel, one of the judges thereof, and individually
(496 P.2d 1049)

Decided April 24, 1972.

Arthur Jose Romero, pro se.

Carl Parlapiano, District Attorney, Daniel J. Sears, Deputy, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding. Petitioner, Romero, seeks a writ to compel the District Court of Pueblo County to grant his petition for a free transcript of the record of his trial. A rule to show cause was issued, an answer thereto has been filed, and the matter is now at issue.

The return reflects that petitioner was charged with and

entered a plea of guilty to conspiracy to commit simple robbery. C.R.S. 1963, 40-7-35. At the time of the alleged offense, petitioner was a minor, but pursuant to 1969 Perm. Supp., C.R.S. 1963, 22-1-4(4)(a), he was tried as an adult. He was convicted and sentenced to 4 to 8 years in the Colorado State Penitentiary.

Thereafter, he moved, pro se, for a free transcript in order to prepare a motion for post-conviction relief pursuant to Crim. P. 35(b). In the motion, he asserted that he was indigent and that his cause was just. The lower court denied the motion, finding that petitioner had failed to allege sufficient facts which would warrant the granting of a free transcript or relief under Crim. P. 35(b). Petitioner, again pro se, filed a second motion for a free transcript on the ground that his plea was not knowingly, intelligently and voluntarily entered; that he was innocent; and that a free transcript was necessary in order for him to prepare a motion for post-conviction relief. The lower court again denied the motion.

The question in this case is: Did the lower court abuse its discretion in denying either of petitioner's motions for a free transcript? We answer this question in the negative.

To warrant the furnishing of a free transcript, the petitioner must make some showing that "the furnishing of such would not be a vain and useless gesture." *Carr v. District Court,* 157 Colo. 226, 402 P.2d 182. There must be a showing that the petitioner would be entitled to relief under Crim. P. 35(b). *See Peirce v. People,* 158 Colo. 81, 404 P.2d 843. Conceivably, petitioner's assertion that "he did not knowingly and intelligently and voluntarily plead guilty to the crime charged," could entitle him to have transcribed the portion of the record involving the lower court's advisements to petitioner pursuant to Crim. P. 11(c). However, petitioner does not indicate any specific facts to indicate that he was not advised pursuant to Crim. P. 11(c)(1). *See Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825. Under the circumstance, we are unable to determine whether the furnishing of a free transcript would be a vain and useless

gesture, and must therefore discharge the rule heretofore issued. The lower court is ordered to appoint an attorney to assist petitioner, if he so wishes, in drafting a proper motion if there be grounds therefor.

Rule discharged without prejudice.

MR. CHIEF JUSTICE PRINGLE not participating.