## No. 26020

John LaVerne Snavely v. Honorable Dale E. Shannon, District Judge of the County of Larimer and the State of Colorado

(511 P.2d 905)

Decided July 9, 1973.

John LaVerne Snavely, petitioner, pro se.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding in which petitioner, John LaVerne Snavely, seeks a writ of mandamus to compel respondent, Hon. Dale E. Shannon, to provide him with a free reporter's transcript of all hearings held in the criminal action in which he pleaded guilty to inflicting bodily injury by driving while intoxicated. C.R.S. 1963, 40-2-11. Petitioner has submitted an affidavit of indigency in support of his motion to proceed *in forma pauperis* in this

court, and proceeds *pro se* in this matter. Petitioner was sentenced on January 18, 1972, to the penitentiary.

In his motion of April 3, 1973, petitioner sought a free transcript of all proceedings alleging:

(1) that he was a pauper;

(2) that he intended to file a motion to vacate under Colorado Rule of Criminal Procedure 35(a) and (b) alleging a "gross miscarriage of justice";

(3) that defendant's guilty plea was coerced by his court-appointed counsel (here the public defender);

(4) that his guilty plea to the substantive offense was not sustained by the evidence since there was no proof of any injury;

(5) that the warrant of commitment is defective on its face because the statute involved C.R.S. 1963, 40-2-11, was not listed thereon;

(6) that petitioner is serving a felony sentence for a misdemeanor offense, *i.e.,* driving while intoxicated;

(7) that petitioner is incarcerated in violation of the 14th Amendment to the United States Constitution and Article 2, Section 18 of the Colorado Constitution.

Respondent denied petitioner's motion in a ruling announced April 18, 1973, stating that to furnish a free transcript in this case would be "a vain and useless gesture." We agree. The rule is discharged.

Petitioner relies on *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), but such reliance is misplaced as *Griffin* involved a situation where denial of a transcript was tantamount to a denial of *access* to the appellate courts of Illinois. Subsequent decisions of the Supreme Court, particularly *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), and *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), have supported the idea that there are adequate alternative methods to a complete transcript of providing a "record of sufficient completeness" to assure an indigent defendant an effective appeal or collateral proceeding. *See* C.A.R. 10 and *Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970). As the court noted

in *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963):

". . . the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the state must waste its funds by providing what is unnecessary for adequate appellate review." 372 U.S. 487, 496.

■ There is much authority in Colorado for the proposition that a free transcript need not be provided when the furnishing of a transcript would be a vain and useless gesture. *See Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825 (1970); *Carr v. District Court,* 157 Colo. 226, 402 P.2d 182 (1965); and *Peirce v. People,* 158 Colo. 81, 404 P.2d 843 (1965).

Petitioner asserts that "a gross miscarriage of justice occurred," and that he is "being held illegally in violation of the 14th Amendment to the United States Constitution and Article 4, Section ₁18 of the Colorado Constitution." Petitioner also asserts that his guilty plea was coerced by his court-appointed counsel. These charges of irregularities below are conclusory, and do not allege any specific facts which would appear in the transcript to substantiate these general charges. The record shows that petitioner had two different attorneys in this matter. On December 6, 1971, petitioner was arraigned. John Walker, a duly licensed attorney, entered an appearance, but later withdrew as counsel when Don Nelson, an attorney in the public defender's office, entered his appearance. The record also shows that defendant was accompanied by Mr. Nelson on January 6, 1972, when he entered his plea of guilty, that defendant was advised of the possible consequences of his guilty plea, and that defendant persisted in his plea. Thus, it appears that any coercion must have taken place outside the courtroom, and the transcript of the providency hearing would have no relevancy to that issue.

Petitioner also argues that there was no factual basis for the court's acceptance of his guilty plea because no

injury occurred. Thus, he argues he is unlawfully incarcerated on a felony conviction when in fact he is guilty only of a misdemeanor, driving while intoxicated. This is contradicted in the record by a letter from Dr. T. R. Lammot which states that Miss Rita Coyte, driver of the car struck by petitioner, suffered an "acute sprain" of her neck. Petitioner does not suggest that he was not intoxicated; in fact, he argues that he committed only a misdemeanor, driving while intoxicated, and is unlawfully serving a felony sentence. The record shows that the letter from Dr. Lammot was received in evidence at the hearing and that Mr. Gary Perman, the affiant on the information, was sworn and testified at the hearing when petitioner pleaded guilty. This argument is without merit.

Finally, petitioner submits that the judgment and sentence in his case are defective since the statutes involved were not listed on his warrant of commitment. A transcript is not necessary or useful to advance this argument. The record before us does not justify granting the relief sought. The rule is discharged. The lower court is ordered to appoint counsel to represent petitioner, if petitioner wishes to assert his claim.

The rule is discharged.