The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Florencio SANCHEZ, Jr.,
Defendant-Appellant.

No. 79CA0241.

Colorado Court of Appeals,
Div. II.

Dec. 26, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Mary E. Ricketson, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Public Defender, Shelley Gilman, Deputy Public Defender, Deborah S. Waldbaum, Deputy Public Defender, Gerry Piper, Staff Asst., Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant Florencio Sanchez, Jr., appeals a conviction of aggravated robbery. We reverse.

According to the prosecution's evidence, on the evening of April 20, 1978, defendant and a companion, Ray Cruz, drove to a service station in Evans, Colorado. While defendant, as driver, remained in the car, Cruz entered the station, pulled a gun on the station owner, and took cash and checks. Cruz then returned to the car, and he and defendant drove away. Shortly thereafter, both defendant and Cruz were stopped and arrested.

Defendant, an indigent, was represented by court appointed counsel. At the conclusion of defendant's preliminary hearing, defendant, through counsel, requested a transcript of the preliminary hearing. The trial court denied this request, stating that the court expected counsel to take notes at the

preliminary hearing, and, absent a specified need, transcripts of the hearing would not be provided at state expense. Defense counsel then indicated that he would pay for the transcript and the trial court said that a transcript would be provided if paid for. However, it is undisputed that the defendant did not pay for or receive a transcript.

Between the time of the preliminary hearing and the trial, defendant requested and was granted a change in appointed counsel. Defendant's second counsel did not make a request for a transcript of the preliminary hearing until the day of trial. At that time, he requested only a portion of a particular witness' testimony. The trial court denied the request but instructed the reporter to read back to defense counsel, during lunch recess, any information recorded during the preliminary hearing.

Defendant argues that the trial court erred in not providing him with a free and complete transcript of the preliminary hearing. We agree.

The United States Supreme Court, in *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), recognized that an indigent defendant has a constitutional right to a full transcript of his preliminary hearing for use at trial. In reversing defendant's conviction, the Court stated:

"Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution.... 'To interpose any financial consideration between an indigent prisoner of the state and his exercise of a state right to sue for his liberty is to deny that prisoner equal protection of the law.' We have no doubt that ... to deny a free transcript to an indigent, could not meet the test of our prior decisions."

■ Furthermore, an indigent defendant, upon his timely request, is presumptively entitled to a transcript of his preliminary hearing, and a particularization of need is not required. *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). Here, defendant had pled not guilty, and made a proper and timely request for a transcript. Therefore, we hold that the trial court erred in refusing to provide defendant with a free transcript of the preliminary hearing. Additionally, we note that, in light of the trial court's initial refusal to provide a free transcript, defense counsel's statement that he would pay for it did not cure the error.

■ The People argue that any error in not providing the transcript was cured by defense attorney's request at the time of trial for certain information, which was granted. We disagree.

■ Though access to a court reporter may be a viable alternative to a transcript of a hearing, *Britt v. North Carolina, supra,* the burden is on the state to demonstrate that the alternative will suffice. *Mayer v. City of Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Shuford v. Superior Court*, 11 Cal.3d 903, 114 Cal.Rptr. 601, 523 P.2d 641 (1974). The People do not meet that burden here. Unlike *Britt,* access to a court reporter was not made available here until the time of trial. Such access was not an adequate alternative to providing a transcript before trial. The trial court's prior refusal to provide a free transcript of the preliminary hearing is not cured by granting defendant's subsequent request for a narrowly defined portion of the transcript on the day of trial.

The People also contend that there was no "critical" information contained in the transcript, and therefore, defendant was not prejudiced by the trial court's failure to provide the transcript. Again, we disagree.

■ Courts will not indulge in a post facto review of whether failure to provide a transcript of a preliminary hearing prejudiced the defendant. Such a review would require improper conjecture and speculation. *See, e. g., Britt v. North Carolina, supra; People v. Hosner*, 123 Cal.Rptr. 381, 538 P.2d 1141 (1973).

The holding in this case is consistent with *Gonzales v. District Court*, Colo., 602 P.2d 857 (1979), decided subsequent to the trial here. We do not, however, construe *Gonzales* as being intended to apply retroactively; rather, we base our decision on defendant's constitutional rights as enunciated in *Roberts v. LaVallee, supra.*

Defendant also argues that he was denied access to vital exculpatory testimony by the trial court's refusal to try Ray Cruz first, or in the alternative to give Cruz immunity to testify at defendant's trial. Taking judicial notice of court records, we are advised that at this time Cruz has been tried, convicted, and his time for appeal on the conviction has expired. Therefore, this issue is now moot.

As to defendant's other allegations of error, we find them to be without merit.

The judgment is reversed and the cause is remanded to the district court with directions to furnish defendant with a transcript of the preliminary hearing at state expense and grant a new trial.

BERMAN and KIRSHBAUM, JJ., concur.