The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ann Marie NORD and Albert Zook, Defendants–Appellants.

Nos. 86CA0814, 86CA0815.

Colorado Court of Appeals, Div. III.

Aug. 11, 1988.

Rehearing Denied Sept. 8, 1988.

Certiorari Granted (People) Jan. 17, 1989.

David F. Vela, Colorado State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendants–appellants.

CRISWELL, Judge.

Defendants, Ann Marie Nord and Albert Zook, appeal the judgments of conviction entered on jury verdicts finding them guilty of criminal mischief. We reverse.

Although defendants represented themselves, they sought to proceed *in forma pauperis* and requested a free transcript, witnesses' travel expenses, and a court-appointed investigator. The trial court denied defendants' request based, in part, on its conclusion that defendants' indigency was voluntary because they had elected to become a member of a religious order or otherwise had decided to devote all of their time to charitable purposes.

## I.

Defendants contend that the trial court abused its discretion when it denied their motion to proceed *in forma pauperis* on this basis. We agree in part.

The determination whether a person is indigent and, therefore, entitled to appointment of counsel and ancillary services rests in the sound discretion of the trial court and is reviewable only for abuse of that discretion. *See Nikander v. District Court,* 711 P.2d 1260 (Colo.1986). Defendant has the burden of establishing indigency. *Allen v. People,* 157 Colo. 582, 404 P.2d 266 (1965).

However, the issue presented by a motion to proceed *in forma pauperis* is whether defendant has the present ability to pay counsel, not whether defendant could obtain additional work or secure a higher paying job. *See Nikander v. District Court, supra.* Here, both defendants came within the eligibility income guidelines for a determination of indigency. The trial court erred, therefore, in denying defendants the status of indigents merely because it concluded that their indigency was voluntary.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

## II.

◼ Having determined that defendants should have been allowed to proceed *in forma pauperis,* we also conclude that the failure to furnish them with a free transcript of their preliminary hearing was prejudicial and warrants reversal.

◼ An indigent defendant is entitled to a transcript of his preliminary hearing upon a timely request without particularization of need. *People v. Sanchez,* 622 P.2d 604 (Colo.App.1980). Courts will not indulge in a *post facto* review of whether the failure to provide a transcript of a preliminary hearing prejudiced the defendant. *People v. Sanchez, supra.*

## III.

Because it may arise on remand, we also address defendants' contention that they should have been allowed the services of a court-appointed investigator and expenses for witnesses.

◼ An indigent defendant is entitled to the basic "tools of an adequate defense." *People v. Tafoya,* 703 P.2d 663 (Colo.App. 1985), quoting from *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed. 2d 400 (1971). However, the grant or denial of a motion to provide supporting services to counsel for an indigent defendant in a criminal prosecution is within the sound discretion of the trial court. *Brown v. District Court,* 189 Colo. 469, 541 P.2d 1248 (1975). A trial court's discretionary refusal to grant an indigent defendant's request for investigatory or other services will be upheld absent a showing that the services sought were reasonable and necessary and would have been helpful to the defense. *People v. Tafoya, supra.*

◼ Here, defendants' motion for the use of an investigator and for expenses of witnesses gave no hint of the purpose for the witnesses' testimony or of the nature of the services to be performed by the investigator. It did not, in our opinion, demonstrate why such services and expenses would be either necessary or helpful to the defendants in the presentation of any proper evidence.

Thus, even given defendants' status of indigency, they did not establish a proper basis for demanding the provision of these ancillary services, and the court did not abuse its discretion in denying those services to them. Nevertheless, if their status of indigency has continued, nothing herein would prevent defendants in future proceedings before the trial court from renewing their motion for such services and attempting to show that such services would be reasonably necessary or helpful to them.

The judgment is reversed and the cause is remanded to the trial court for a new trial.

TURSI and JONES, JJ., concur.