978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William WILSON, Petitioner-Appellant,
v.
Jim BRITTAIN, Superintendent of Limon Correctional Facility;
Gus Sandstrom, District Attorney, Pueblo County, Colorado;
Richard Dickerson, Deputy District Attorney, Pueblo County,
Colorado; Dennis Maes, District Judge, Pueblo County,
Colorado; John Does, other unknown District Judges, Pueblo
County, Colorado, Respondents-Appellees.
 No. 92-1023.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Petitioner William Wilson appeals from an order of the district court dismissing, without prejudice, his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.
 
 
 2
 Wilson is currently serving a life sentence imposed following a 1988 conviction by a jury of two counts of fraud by check and three counts of theft of $200.00 to $10,000.00. Wilson was sentenced under Colorado's habitual offender statute. Because he was denied indigency status, Wilson's appeal was dismissed with prejudice when he was unable to pay the requisite fees.
 
 
 3
 In this, his second federal habeas petition, Wilson alleged that respondents, two Pueblo County, Colorado, district attorneys and various Pueblo County judges, conspired to discriminate against him on the basis of race by denying him the right to appeal his conviction. Wilson requested immediate release from custody and injunctive relief prohibiting respondents from all future prosecution of him without the court's prior approval.
 
 
 4
 The case was referred to a magistrate judge who recommended that the action be dismissed. The magistrate judge found that Wilson was attempting to circumvent the judgment entered in his first habeas petition by filing this action. I.R. doc. 6 at 3 ("This petition represents an attempt to circumvent Judge Matsch's order requiring petitioner to exhaust state remedies before seeking relief in federal court."). After considering Wilson's objections to the magistrate judge's recommendation and his petition, the district court adopted the recommendation. The district court granted Wilson a certificate of probable cause.
 
 
 5
 In his first federal habeas petition, Wilson raised fifty-one errors he alleged were committed by the trial court. The district court found that Wilson had exhausted the issue regarding various errors the trial court had committed in denying him indigency status on appeal. The remaining issues, however, were not exhausted. The district court reasoned that until Wilson exhausted every claim in his federal habeas petition under Colorado's postconviction procedure, Colo.R.Crim.P. 35(c)(2), Wilson would be barred from raising these claims under § 2254. The district court denied Wilson's motion to amend his petition to include only the exhuasted claim and then dismissed the mixed petition pursuant to Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 6
 Our review of a district court's dismissal of a habeas petition for lack of exhaustion is de novo. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir.1990). The exhaustion doctrine is grounded in concerns of comity and federalism and allows a state to administer its criminal justice system and decide claims of federal constitutional error in the first instance. Rose, 455 U.S. at 518. There are limits to its invocation, however. The doctrine is not jurisdictional, Harris v. Champion, 938 F.2d 1062, 1068-69, on reh'g, 938 F.2d 1071 (10th Cir.1991), and is not intended "to create new hoops through which habeas petitioners must jump." Wise v. Warden, 839 F.2d 1030, 1033 (4th Cir.1988).
 
 
 7
 In this petition, Wilson concentrated on errors he alleged the state trial court committed by denying him in forma pauperis status on appeal and he identified issues he would have raised on direct appeal. We address only the trial court's refusal to grant Wilson indigency status.[1] We decline to consider the other issues raised at this time,[2] other than to note that Wilson was not required to prove that his appeal would have been meritorious. See Rodriquez v. United States, 395 U.S. 327, 330 (1969) (defendant whose right to appeal has been frustrated does not have to clear additional hurdle of showing appeal would have been meritorious); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990).
 
 
 8
 Wilson filed a notice of appeal from his conviction and applied for indigency status and appointment of counsel. The trial court denied his application on the ground that Wilson was indigent only because he had voluntarily divested himself of approximately $6,000.00 he had had in a savings account in Texas. See Aplt.Br. ex. H at 1. The Colorado Court of Appeals, in affirming the finding of lack of indigency, erred as a matter of law.
 
 
 9
 Because Colorado has created appellate courts as an integral part of its system for finally adjudicating a defendant's guilt or innocence, the procedures used in the appellate process must comport with the demands of due process and equal protection. See Evitts v. Lucey, 469 U.S. 387, 393 (1985). The denial of adequate appellate review of a criminal conviction to destitute defendants violates their equal protection and due process rights. See Griffin v. Illinois, 351 U.S. 12, 18 (1956).
 
 
 10
 In Nikander v. District Court, 711 P.2d 1260 (Colo.1986) (en banc), the court, acknowledging Griffin, correctly held that in determining whether a defendant has been unconstitutionally denied access to adequate appellate review on the basis of wealth, the relevant consideration is the defendant's financial status at the time of his application. Id. at 1262-63.
 
 
 11
 Further, in People v. Nord, 767 P.2d 750 (Colo.Ct.App.1988), rev'd on other grounds, 790 P.2d 311 (Colo.1990), the court specifically recognized that the fact that a defendant's indigency is voluntary is not to be a consideration in making an indigency determination. The court should address only the issue of whether the defendant "has the present ability to pay counsel." Id. at 751; accord Nord, 790 P.2d at 317. The trial court denied Wilson indigency status, not because he was not indigent, but because he was voluntarily indigent at the time of his application.
 
 
 12
 Because the state trial court found that Wilson was indigent, it erred in denying him in forma pauperis status "merely because it concluded that [his] indigency was voluntary." See id. Wilson should be granted a direct appeal to vindicate his federal constitutional rights and to afford him the complete appellate review he would have received but for the erroneous denial of his right to proceed in forma pauperis on appeal. While the remedy is dependent on the facts of each case, we are guided by our decision in Harris: "When a federal habeas court addresses a petitioner's substantive claim of unconstitutional delays in his state appeal, the most typical remedy is to order the defendant released from custody unless the state court hears the petitioner's appeal within a clearly-defined, relatively short period of time (such as 90 days)." 938 F.2d at 1070 (footnote omitted). We follow a similar course here.
 
 
 13
 Wilson's motion for an expedited appeal is DENIED as moot. Wilson's request for injunctive relief prohibiting state courts from any further prosecution of him without prior approval of the federal courts is DENIED.
 
 
 14
 The judgment of the United States District Court for the District of Colorado is REVERSED, and this case is REMANDED. The case shall be held in abeyance for no longer than ninety days from the date of the issuance of our mandate. During this time, the state of Colorado, by whatever procedure it deems appropriate, may grant Wilson leave to appeal out of time and provide him assistance of counsel, see Evitts, 469 U.S. at 396, and a free transcript, if necessary, see id. at 393.
 
 
 15
 If Colorado grants leave to appeal out of time, this proceeding shall be dismissed. If the state fails to grant the appeal, the writ shall issue releasing Wilson. See Baker v. Kaiser, 929 F.2d 1495, 1501 (10th Cir.1991); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990).
 
 
 16
 The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [1]
 Wilson indicates he has actions pending in state court, perhaps in an attempt to exhaust his remaining issues. He has not precisely identified the actions or issues raised, but he renews his claim that exhaustion is futile. We ordered the state to file a brief in this court. The state refused, both because it was not served with process in district court and because it was "self evident" the district court's decision was correct. We, therefore, have had no assistance from the state as to the accuracy of Wilson's statement. In any event, postconviction relief under Colo.R.Crim.P. 35(c)(2), is not a constitutionally adequate substitute for the denial of a counseled direct appeal. See Kailey v. Dep't of Corrections, 807 P.2d 563, 567 (Colo.1991) ("In a Crim.P. 35 proceeding the legality of the judgment and the regularity of the judgment are presumed, and the burden is upon the applicant to establish by a preponderance of the evidence the allegations of his motion."); Brinklow v. Riveland, 773 P.2d 517, 521 (Colo.1989) (applicant not guaranteed right to counsel in a Rule 35(c) proceeding)
 
 
 [2]
 In view of our resolution, it would not be appropriate to address Wilson's federal claims prior to the opportunity he may have to present them in a state appellate forum. Wilson appears to be raising both state and federal claims in this habeas petition. We have noted that "to the extent that the petitioner seeks to raise any non-constitutional, purely state-law claims in his delayed state appeal, the federal court on habeas can not review such claims and address them on their merits." Harris v. Champion, 938 F.2d 1062, 1069-70, on reh'g, 938 F.2d 1071 (10th Cir.1991)