The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

James W. MANNERS, Defendant–
Appellant.

No. 92CA0945.

Colorado Court of Appeals,
Div. IV.

Feb. 24, 1994.

Rehearing Denied March 31, 1994.

Certiorari Denied Aug. 8, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan A. Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Cherner and Blackman, Barbara S. Blackman, Denver, for defendant-appellant.

Judy Fried, Denver, for defendant-appellant (On the Opening Brief)

Opinion by Judge MARQUEZ.

Defendant, James W. Manners, appeals an order of the trial court denying his motions to inspect the complete record on file and for the loan of transcript and records for use in the preparation of a Crim.P. 35(c) motion. We affirm.

Defendant was convicted of first degree murder, second degree kidnapping, and aggravated robbery on September 23, 1981. Defendant appealed, but the judgment of conviction was affirmed. *See People v. Manners,* 713 P.2d 1348 (Colo.App.1985).

On January 16, 1991, defendant, while still in the custody of the Department of Corrections, filed a "Motion to Vacate, Set Aside" pursuant to Crim.P. 35(c). An affidavit was attached to the motion in support of defendant's allegation of newly discovered evidence. The trial court denied the motion.

Defendant then filed *pro se* motions "to inspect the complete record on file" and for "loan of transcript and records" essentially requesting that the entire record be provided to him at the correctional facility. In these motions, he again asserted the newly discovered evidence theory, but added a claim of ineffective assistance of trial and appellate counsel. Defendant argued that without the transcript he "would not be able to prepare a competent and just motion for review on the claim of ineffective assistance of counsel, and

any other meritorious issue discovered not previously raised on appeal."

Defendant, however, failed to allege specific facts to substantiate his claims. Consequently, the trial court concluded:

> Defendant requests that the Court 'loan' the trial transcript and file to defendant. His intent is to search the file for possible grounds for a Rule 35(c) Motion based on ineffective assistance of counsel. Defendant alleges that he has a meritorious claim of ineffective assistance of trial counsel, and possibly appellate counsel. He does not state upon what facts or grounds that claim is based. In the absence of information showing that there is some basis in fact for the defendant's claim ... [t]he motion requesting that the entire file be loaned to him is denied.

Defendant then filed a motion for reconsideration alleging:

> The [district attorney's] failure to disclose. [the newly discovered evidence] to Defendant's attorney, and the failure of Defendant's court appointed attorney to use this evidence, was a blatant denial of Defendant's constitutional right to effectively cross-examine prosecutional witnesses as to the truth of their testimony, as well as producing evidence and testimony in support of Defendant's defense of denial and intoxication. Defendant also states that court appointed counsel's failure to discover this evidence and information by not investigating Defendant's case adequately, denies Defendant effective assistance of counsel as guaranteed by the 6th and 14th Amendments of the United States Constitution, but also under Article II, Section 16 and 25 of the Colorado Constitution.

Here, again, however, defendant failed to articulate why or how the trial transcript would help with these claims. Defendant did not articulate a reason for requiring a transcript beyond the fact that he sought an opportunity to search the records. As defendant admitted in this motion:

> Defendant ... recently petitioned this Court to loan the files and transcripts in order to allow the indigent and incarcerated Defendant a[n] adequate opportunity to search these records to [sic] any factual

evidence which would further support Defendant's original motion for postconviction relief, and, to allow the Defendant a fair and just opportunity to examine the record for any additional constitutional violations which would grant Defendant relief from his life sentence upon this conviction.

■ On this appeal, defendant contends that the trial court's refusal to allow him access to the record from his criminal case violates his constitutional rights to equal protection and due process. We disagree.

■ To warrant supplying a defendant with a free transcript, the defendant must make some showing that "the furnishing of such would not be just a vain and useless gesture." *Carr v. District Court,* 157 Colo. 226, 228, 402 P.2d 182, 183 (1965); *see also Snavely v. Shannon,* 182 Colo. 223, 511 P.2d 905 (1973); *People v. Montoya,* 640 P.2d 234 (Colo.App.1981). That is, a defendant must demonstrate that he may be entitled to relief under Crim.P. 35(c), *Romero v. District Court,* 178 Colo. 200, 496 P.2d 1049 (1972), and that the record might contain specific facts that would substantiate any alleged errors. *Snavely v. Shannon, supra; Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825 (1970); *People v. Montoya, supra.*

As noted above, defendant does not allege any specific facts that might appear in the record to substantiate his general allegations. *See Valdez v. District Court, supra* (the record would not disclose anything concerning ineffective assistance of counsel, *i.e.,* failure to investigate).

Citing *Rush v. United States,* 559 F.2d 455 (7th Cir.1977), defendant, however, argues that because he is requesting an existing transcript, a different conclusion is required. We disagree.

We do not deem *Rush* controlling. There, the court was interpreting 28 U.S.C. § 753 (1988). Although the court held that requests for a pre-existing record in the underlying criminal proceeding should be granted as of right, that view has been rejected by other circuits. *See Sistrunk v. United States,* 992 F.2d 258 (10th Cir.1993); *United States v. Losing,* 601 F.2d 351 (8th Cir.1979).

We conclude, therefore, that under the standard announced above and the circumstances here, defendant is not entitled to have the record provided to him at the correctional facility and that this standard is constitutional. *See United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (upholding constitutionality of 28 U.S.C. § 753(f) which requires that a defendant's claim not be frivolous and that the transcript must be needed to decide the issue presented); *Sistrunk v. United States, supra; In re Patterson*, 136 Colo. 401, 317 P.2d 1041 (1957); *People v. Montoya, supra.*

As an alternative, defendant requested, in his motion for reconsideration, that he be allowed to have the record copied for a reduced cost. Because the trial court did not rule on this request, we express no opinion on this alternative.

The order is affirmed.

PLANK and ROTHENBERG, JJ., concur.