Stanley JURGEVICH, Petitioner,

v.

DISTRICT COURT, ROUTT COUNTY,
COLORADO; Honorable Joel S.
Thompson, Judge, Respondent.

No. 95SA237.

Supreme Court of Colorado,
En Banc.

Nov. 20, 1995.

Stanley Jurgevich, Limon, Pro Se.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

In this original proceeding, we directed the Routt County District Court to show cause for denying the petitioner, Stanley Jurgevich, use of a transcript from his earlier trial in order to prepare a *pro se* motion for postconviction relief pursuant to Crim.P. 35(c), 7B C.R.S. (1984). The district court denied Jurgevich's motion for use of the transcript on the grounds that Jurgevich had failed to assert a basis for using the transcript in obtaining postconviction relief. Jurgevich contends that, as an indigent, he is constitutionally entitled to a free transcript in order to prepare his motion for postconviction relief. We hold that the district court did not abuse its discretion in denying Jurgevich's motion for a free transcript because Jurgevich failed to show that he may be entitled to relief under Crim.P. 35(c) and that the record might contain specific facts that would substantiate any alleged errors. We therefore discharge the rule.

## I.

In 1989, Jurgevich was found guilty of first degree murder and sentenced to life in prison without the possibility of parole for forty years. His conviction was affirmed on direct appeal. *People v. Jurgevich*, No. 89CA0749 (Colo.App. Dec. 19, 1991) (not selected for publication), *cert. denied*, No. 92SC153 (June 22, 1992).

In late 1992, Jurgevich retained attorney Sally S. Townshend to investigate potential postconviction remedies. Ms. Townshend obtained the transcript of Jurgevich's trial for review, but ultimately did not file a postconviction motion. On June 12, 1995, Jurgevich filed a motion for loan of the record and transcript of his earlier trial. Jurgevich stated in his motion that the transcript was necessary for the purpose of preparing a Crim.P. 35(c) postconviction motion. In particular, Jurgevich stated that he would use the transcript "for the precise and intelligent isolation and identification of the errors" that occurred at trial, but did not specify what potential errors might be raised.

On June 19, 1995, the trial court denied Jurgevich's motion for loan of the trial record and transcript, stating that Jurgevich had not listed errors he sought to discover or support by reviewing the record. On June 21, 1995, Jurgevich filed a motion for the trial court to reconsider, alleging that he wished to claim ineffective assistance of counsel at trial and on appeal. He stated that trial counsel failed to present mitigating evidence and failed to raise the issue of his competency to proceed. Jurgevich also asserted that

appellate counsel failed to raise the issue of ineffective assistance and other issues on appeal. The trial court denied the motion to reconsider on June 29, 1995. Jurgevich subsequently filed a petition for writ of mandamus.

## II.

■ Jurgevich claims that the district court violated his constitutional rights of due process and equal protection by denying his motion for loan of the trial court record and transcript. The district court counters that it properly denied Jurgevich use of the trial transcript. We affirm the district court's denial of Jurgevich's motion because Jurgevich failed to assert an adequate basis for obtaining a free transcript.

■ In the context of direct appeal proceedings, the United States Supreme Court has held that "destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin v. Illinois,* 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956). In direct appeals, therefore, the state must provide either a free transcript or other means of affording adequate and effective appellate review to indigent defendants. *Id.; People v. Shearer,* 181 Colo. 237, 242, 508 P.2d 1249, 1252 (1973).

■ A collateral attack, however, does not invoke the same rights as a direct appeal. *See Wright v. West,* 505 U.S. 277, 287–93, 112 S.Ct. 2482, 2487–91, 120 L.Ed.2d 225 (1992) (stating that different standards apply on direct and collateral review); *see also Teague v. Lane,* 489 U.S. 288, 305–10, 109 S.Ct. 1060, 1072–75, 103 L.Ed.2d 334 (1989) (treating retroactivity in collateral attack differently from retroactivity on direct appeal); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) (holding that there is no constitutional right to counsel in collateral attack, despite such a right on direct appeal); *People v. Duran,* 757 P.2d 1096, 1097 (Colo.App.1988) (holding that there is no constitutional right to counsel in a Crim.P. Rule 35 proceeding).

Here, Jurgevich is pursuing a collateral attack, not a direct appeal of his conviction. Moreover, Jurgevich is not appealing from the denial of a Rule 35(c) motion, but is attempting to prepare such a motion for filing. In order to prepare his Rule 35(c) motion, Jurgevich seeks to use the transcript to find errors. A defendant does not have a constitutional right to a free transcript to search for errors to raise in a collateral attack. *Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir.1992); *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir.1975).

■ The issue, then, is the standard by which trial courts should grant a defendant's request for a free transcript to prepare a motion for collateral attack. Both this court and the United States Supreme Court have required defendants who seek free transcripts in collateral attacks to show the basis for obtaining such transcripts. We have held that in order to obtain a free transcript, a defendant must demonstrate that he may be entitled to relief under Crim.P. 35(c), *Romero v. District Court,* 178 Colo. 200, 202, 496 P.2d 1049, 1050 (1972), and that the record might contain specific facts that would substantiate alleged errors, *Snavely v. Shannon,* 182 Colo. 223, 226, 511 P.2d 905, 907 (1973); *People v. Manners,* 878 P.2d 71, 72 (Colo. App.), *cert. denied,* No. 94SC182 (Aug. 8, 1994). It is not sufficient for the defendant to establish only that he is indigent and would like a free transcript. *Carr v. District Court,* 157 Colo. 226, 228, 402 P.2d 182, 183 (1965).

■ Similarly, the United States Supreme Court held in *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), that a free transcript for preparing a postconviction motion pursuant to 28 U.S.C. § 2255 may constitutionally be predicated on a showing that the petitioner has non-frivolous claims and a need for the transcript.[1] A similarly situated prisoner of some but not unlimited means presumably must determine that he has non-frivolous claims and a need for the transcript before deciding to spend his own funds for a transcript. *MacCollom,*

---

1. Crim.P. Rule 35(c) and 28 U.S.C. § 2255 serve the same function at the federal and state levels, respectively. *See People v. Wiedemer,* 852 P.2d 424, 431 n. 8 (Colo.1993). .

426 U.S. at 328, 96 S.Ct. at 2093. Merely because a transcript might be of benefit to a defendant does not mean that he is constitutionally entitled to one. *Ross v. Moffitt,* 417 U.S. 600, 616, 94 S.Ct. 2437, 2446, 41 L.Ed.2d 341 (1974).

Here, the district court found that Jurgevich failed to demonstrate that he may be entitled to relief pursuant to Crim.P. 35(c) and that the record might contain specific facts that would substantiate any alleged errors. In his original motion for the transcript, Jurgevich only claimed that he wished to review the transcript to discover errors. In his motion to reconsider, Jurgevich stated that he had received ineffective assistance of counsel at trial and that counsel had failed to present available mitigating evidence or raise his incompetence to stand trial. Jurgevich also asserted that appellate counsel failed to raise the issue of ineffective assistance and other issues on appeal. It appears, however, that these claims concern matters that would be outside of the trial transcript. *See Valdez v. District Court,* 171 Colo. 436, 439, 467 P.2d 825, 827 (1970) (stating that claims such as counsel's failure to investigate all available defenses would not appear in transcript so as to warrant a free transcript). Thus, the district court properly found that Jurgevich failed to adequately demonstrate a basis for the court to provide him with a free transcript.

■ The determination whether a person is entitled to a free transcript for purposes of an appeal rests in the sound discretion of the trial court and is reviewable only for abuse of that discretion. *People v. Nord,* 767 P.2d 750, 751 (Colo.App.1988); *Nikander v. District Court,* 711 P.2d 1260, 1262 (Colo. 1986). A trial court's discretionary refusal to grant an indigent defendant's request for free services will be upheld absent a showing that the services sought were necessary and would have been helpful to the defendant. *Nord,* 767 P.2d at 752. A reviewing court called upon to address a matter within the

sound discretion of the trial court will not reverse the trial court's ruling unless it constitutes a clear abuse of discretion. *People v. Thurman,* 787 P.2d 646, 655 (Colo.1990). An abuse of discretion occurs when, upon review, an appellate court can say with fair assurance that, based on the circumstances confronting the trial court, the decision made was manifestly arbitrary, unreasonable, or unfair. *People v. Baca,* 852 P.2d 1302, 1308 (Colo.App.1992). In the current case, we cannot say that the district court abused its discretion by refusing to grant Jurgevich's motion for a free transcript because Jurgevich failed to set forth an adequate basis for obtaining the transcript.

■ The exception established in *Sherbondy v. District Court,* 170 Colo. 114, 459 P.2d 133 (1969), does not apply in this case. In *Sherbondy,* we excused the general requirements for obtaining a free transcript in a collateral attack because the defendant was challenging a thirty-two year old conviction obtained when he was only seventeen years old. *Id.* at 116, 459 P.2d at 133–34. We held that in the unique circumstances of that case, the defendant could not be expected to remember all that transpired thirty-two years previous in order to set forth the required basis for obtaining a free transcript. *Id.*

■ The current case is not similar to *Sherbondy* because Jurgevich's conviction is less than seven years old. Despite Jurgevich's claim that he has unique circumstances because his memory of the trial is distorted due to the medication he was taking, he has not shown that he was in fact medicated at the time of trial. The circumstances of this case do not rise to the level of extraordinary circumstances such as those in *Sherbondy.* Jurgevich therefore should not be excused from the requirements that other defendants must meet in order to qualify for a free transcript in collateral attacks.[2]

---

**2.** Jurgevich also asserts that the trial court should grant his motion because he only asks the court to loan him an existing transcript rather than prepare a new transcript for him. However, the requirement that defendants must demonstrate a basis for obtaining a free transcript for a collateral attack applies even where a transcript already exists. *See Manners,* 878 P.2d at 72 (holding that the existence of a transcript does not control the decision whether to provide free transcript to indigent).

## III.

Because Jurgevich failed to show that he may be entitled to relief under Crim.P. 35(c) and that the record might contain specific facts that would substantiate alleged errors, we hold that the district court did not abuse its discretion in denying Jurgevich's motion for a free transcript. We therefore discharge the rule.

LOHR, J., dissents.

KOURLIS, J., does not participate.

Justice LOHR dissenting:

This is an original proceeding brought by Stanley Jurgevich, a prisoner of the State of Colorado. On July 24, 1995, Jurgevich submitted a Petition for Writ of Mandamus to direct the District Court of Routt County to grant him the use of a transcript from his earlier trial in order to prepare a Crim.P. 35(c) motion for postconviction relief.

Upon consideration of the petition, we issued a rule directing the Routt County District Court to show cause why the relief requested by Jurgevich should not be granted.

The majority discharges the rule based on its conclusion that the district court did not abuse its discretion in denying Jurgevich's motion for a free transcript "because Jurgevich failed to show that he may be entitled to relief under Crim.P. 35(c) and that the record might contain specific facts that would substantiate any alleged errors." Maj. op. at 566. I respectfully dissent.

In 1989, Jurgevich was found guilty of first degree murder and sentenced to life in prison without the possibility of parole for forty years. His conviction was affirmed on direct appeal. In June of 1995, Jurgevich filed a pro se motion for loan of the trial record and existing transcript for thirty days so that he might conduct a supervised inspection of the material for the purpose of preparing a Crim.P. 35(c) motion. In his motion for loan of the record, Jurgevich stated that the transcript and trial record were necessary for identifying any errors made, although no specific errors were delineated. He alleged, however, that he "was not competent during the proceedings due to the heavy medication he was taking and his mental instability, thus him [sic] memory, especially at this late date, is distorted and can only offer conclusory allegations which would be insufficient." The district court denied Jurgevich's motion for lack of good cause, noting that he failed to list the errors he sought to discover or support by review of the record and transcript and that the material had previously been loaned to Jurgevich's counsel of record, who had not moved for postconviction relief.

Jurgevich filed a motion to reconsider. In this motion, he specifically stated that he wished to claim (1) ineffective assistance of counsel on trial and appeal, (2) failure of counsel to present mitigating evidence, and (3) failure of counsel to raise the issue of incompetency to proceed. He again alleged that at trial he "was heavily medicated and was mentally unstable, thus could not comprehend the proceedings and was, therefore, not competent to proceed." In response to the court's earlier observation about the loan of the material to counsel, Jurgevich alleged that he never was able to speak to counsel after she had obtained the record and has not heard from her since. The district court denied the motion to reconsider by written order without further assignment of reasons.

In its opinion, the majority correctly states that a defendant must demonstrate that he may be entitled to relief under Crim.P. 35(c) before he can obtain a free transcript. *Romero v. District Court,* 178 Colo. 200, 202, 496 P.2d 1049, 1050 (1972). In addition, the determination of whether a person is entitled to a free transcript for purposes of an appeal rests in the sound discretion of the trial court and is reviewable only for an abuse of discretion. *People v. Nord,* 767 P.2d 750, 751 (Colo.App.1988); *see Nikander v. District Court,* 711 P.2d 1260, 1262 (Colo.1986). An abuse of discretion is established when, upon review, an appellate court can say with fair assurance that the decision made was manifestly arbitrary, unreasonable, or unfair. *People v. Baca,* 852 P.2d 1302, 1308 (Colo. App.1992). Although I agree with the majority's explication of the law, I disagree with its application of the law to the facts of this case.

In the present case, Jurgevich wishes to raise a claim of ineffective assistance of counsel based on the fact that he was mentally impaired at the time of trial and that counsel failed to assert his incompetency. This mental impairment, he asserts, was caused by the ingestion of several prescribed medications he was taking at the time of trial which impaired his thought process and affected his ability to understand the proceedings and to participate and assist in his defense. Given Jurgevich's alleged mental condition at the time of the trial, it is reasonable to conclude that it would be difficult for him to remember completely or reliably all that transpired seven years ago without the assistance of the trial record and transcript.[1] Thus, Jurgevich adequately demonstrated that the trial record and transcript are necessary for preparation of a motion for postconviction relief.

In addition to the above, Jurgevich is only asking the court to loan him an *existing* transcript. He is not requesting that the court expend funds to prepare a new transcript; rather, he seeks only to have the existing transcript mailed to the correctional facility for his review under supervision for a limited period of thirty days. The minimal cost associated with Jurgevich's request should not override his need to obtain the trial record and transcript.

Since Jurgevich adequately demonstrated a need for the trial record and transcript, and these documents are in existence, I would hold the decision to deny the loan of these items to be manifestly arbitrary, unreasonable, and unfair, and to constitute an abuse of discretion by the district court. For the foregoing reasons, I respectfully dissent and would make the rule to show cause absolute.

---

1. Contrary to the majority's opinion, the present case is similar to *Sherbondy v. District Court*, 170 Colo. 114, 459 P.2d 133 (1969), in that Jurgevich's alleged impaired mental condition at the time of trial supports his claim that his memory is distorted and capable of producing only conclusory, not specific, recollections of the trial proceedings so that he cannot adequately formulate a Crim.P. 35(c) motion without the aid of the record.